**James G. BOLICK, et al., Plaintiffs,**

v.

**BREVARD COUNTY SHERIFF'S DEPARTMENT, Defendant.**

No. 94–1175–Civ–Orl–22.

United States District Court, M.D. Florida, Orlando Division.

Aug. 27, 1996.

Jack R. Elliott, Broad & Cassel, Orlando, FL, Mark L. Miller, Miller & Meade, Louisville, KY, for James G. Bolick, Thom Fair.

James G. Brown, Dorothy F. Green, Brown & Green, P.A., Orlando, FL, for Brevard County Sheriff's Department.

## ORDER

GLAZEBROOK, United States Magistrate Judge.

This cause came on for oral argument on August 26, 1996 on the following motions filed by defendant Brevard County Sheriff's Department, and on those motions it is ORDERED:

**Motion:** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFFS ADKINS, CLAY, FITCH, MARQUES, McDONNELL, MORTON, AND SUBER [Docket No. 143]

**Filed:** March 29, 1996

Disposition: GRANTED.

Motion: **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** [Docket No. 189]

Filed: March 29, 1996

Disposition: **GRANTED in part; DE-NIED in part.**

## I. *INTRODUCTION*

The deputy sheriffs, agents, bailiffs, and corrections officers of the Brevard County Sheriff's Department ["the Department"] are the guardians of justice in Brevard County, Florida. They are sworn to stand bravely between the citizens of Brevard County and the injurious forces of crime, violence, narcotics, and fraud. To that end, they have undertaken with pride and dedication to work long and often dangerous shifts, and to protect the citizens using all resources at their disposal—including dogs, motorcycles, patrol cars, and weapons. This is not disputed.

Some sixty-one law enforcement officers have complained, however, that they are not being paid for work during meal breaks; for overtime; for transporting, care, exercise, cleaning, and training police dogs which the deputies own; for cleaning and maintaining police motorcycles and patrol cars at their homes; and for assisting the victims of Hurricane Andrew. Second Amended Complaint, Docket No. 67; Joint Pretrial Statement, Docket No. 280 at 1–7. Several deputies also claim that the Brevard County Sheriff's Department caused them emotional distress by retaliating against them for demanding additional pay. Second Amended Complaint, Docket No. 67 at 10, 11, 13, 15, 16; Joint Pretrial Statement, Docket No. 280 at 3. The Department seeks summary judgment as to several issues arising under the Fair Labor Standards Act, 29 U.S.C. §§ 206–07 ["FLSA"].

## II. *THE STANDARD FOR SUMMARY JUDGMENT*

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jeffery v. Sarasota White Sox,* 64 F.3d 590, 593–94 (11th Cir.1995); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *Id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

■ In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989); *Samples on Behalf of Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

in deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably

can be drawn, it is for the trier of fact to determine the proper one. *Jeffery v. Sarasota White Sox,* 64 F.3d 590, 594 (11th Cir.1995), quoting *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron and Steel Works v. Employers Insurance of Wausau,* 835 F.2d 855, 856 (11th Cir.1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512. On a summary judgment motion the Court may not weigh the credibility of the parties. *See Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. *Id.*

### III. *CANINE TRANSPORT*

Thirteen plaintiffs seek compensation for the time spent in transporting dogs which plaintiffs own but lease to the Department's canine unit. The Department moves for a partial summary judgment on the ground that, as a matter of law, law enforcement officers in a canine unit are not entitled to compensation for time spent transporting their dogs between home and work. Plaintiffs oppose summary judgment on the ground that deputies perform compensable principal activities at home, therefore "commuting" to work is in fact travel between two places of principal activity. Docket No. 210 at 3. Plaintiffs' argument lacks merit.

#### A. *The Law*

Transport time is not compensable under the FLSA. The Portal-to-Portal Amendment to the FLSA provides, in pertinent part, that:

> [N]o employer shall be subject to any liability ... on account of the failure of such employer to pay an employee ... [for] walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform.

29 U.S.C. § 254(a)(1). Additionally, an employee need not be compensated for activities that are "preliminary to or postliminary to" the "principal activity or activities." 29 U.S.C. § 254(a)(2). An exception to this provision exists, however, if the employer is otherwise required to compensate its employees for such work by custom, contract, or practice. 29 U.S.C. § 254(b). Thus, whether an activity is compensable, depends on whether the activity is a principal activity or preliminary or postliminary activity.

As a general rule, the time spent transporting police dogs between home and work is not compensable under the FLSA. *Truslow v. Spotsylvania County Sheriff,* 783 F.Supp. 274, 277 n. 5 (E.D.Va.1992) (no compensation for time spent by deputy and the dogs commuting to or from work, training sessions, and canine demonstrations), *affirmed,* 993 F.2d 1539 (4th Cir.1993); *Reich v. New York City Transit Authority,* 45 F.3d 646, 648, 652 (2d Cir.1995) (even *de minimus* time spent during the commute while engaged in actual dog-care work is not compensable). If plaintiffs are simply commuting to work as they otherwise would, but with the addition of an extra passenger in the form of a dog, such travel time does not constitute compensable work time under the FLSA. Summary judgment for the employer is appropriate where there is insufficient evidence that transporting the dogs restricts or hampers the plaintiffs' routine. *Levering v. District of Columbia,* 869 F.Supp. 24, 29 (D.D.C. 1994). Employees should not be compensated for doing what they would have to do anyway—getting themselves to work. *Andrews v. DuBois,* 888 F.Supp. 213 (D.Mass. 1995).

#### B. *Application to Plaintiffs*

Thirteen Plaintiffs—Frederick L. Abbey, Walter E. Adams, James R. Bergenholtz,

Michael E. Homer, R. Allen Lee, Richard M. Otranto, Debra D. Sherrod, Robert R. Stouch, Wade H. Walker, III, Doug Cornett, Joseph C. Jenkins, John L. Sperling and Gary R. Hunt—owned dogs which they leased to the Department for law enforcement purposes. The dogs lived with plaintiffs, and plaintiffs transported them between their homes and the Department before and after plaintiffs' shifts in the patrol cars. Plaintiffs seek compensation for this transport time.

■ The record shows that the dogs are merely four-legged passengers in plaintiffs' cars each day. No *significant* time or effort is expended in caring for them on the ride to and from work. Plaintiffs were under no restrictions or limitations with respect to their ability to conduct personal activities with the dogs in the car during the commute. The Department has no custom, contract, or practice of compensating officers for transport time. Thus, the time spent in transporting dogs to and from home is not compensable under the FLSA.

■ Plaintiffs' argument that the home is a place of "principal activity" within the meaning of 29 C.F.R. § 790.7(c) (interpreting 29 U.S.C. § 254(a)) proves too much. Plaintiffs cannot succeed in arguing that they deserve compensation for time at home caring for their own dogs. The home is not a place of "principal activity." To the extent that the record shows a small amount of attention given to the dogs during transportation to and from work, the attention is *de minimus.* Accordingly, the plaintiffs are not entitled to compensation for such transport time.

## IV. *EMOTIONAL AND PUNITIVE DAMAGES*

The Department seeks partial summary judgment on the ground that emotional and punitive damages are not available under the FLSA. Even if punitive damages were otherwise available under the FLSA, defendant argues that punitive damages are not award-able against the Department because it is a governmental entity. Plaintiffs disagree.

### A. *The Law*

The FLSA prohibits retaliatory acts against employees who exercise their rights under the FLSA. 29 U.S.C. § 215(a)(3). Congress amended the FLSA in 1977 to provide relief for persons who had suffered retaliation. That provision states in pertinent part:

Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). The language of the statute, however, does not provide relief in the form of punitive damages or compensatory damages for pain and suffering or emotional distress.

Until this amendment was enacted, there was no right of action for damages of any kind for retaliation. *Martinez v. Behring's Bearings Service, Inc.,* 501 F.2d 104 (5th Cir.1974).[1] The issue then becomes whether the 1977 amendment added punitive and emotional damages.

■ Punitive and emotional damages are not available under the FLSA. *See Waldermeyer v. ITT Consumer Financial Corp.,* 782 F.Supp. 86 (E.D.Mo.1991) (striking punitive damages claim in action for retaliatory discharge for refusing to work overtime without compensation); *Tombrello v. USX Corp.,* 763 F.Supp. 541, 546 (N.D.Ala.1991) (granting summary judgment that plaintiff not entitled to punitive damages under 29 U.S.C. § 216(b)); *Hybki v. Alexander & Alexander, Inc.,* 536 F.Supp. 483, 484 (W.D.Mo.1982) (no damages for pain and suffering available because § 216 has been interpreted consistently to authorize only the damages specifically set forth in the statute, unpaid wages and

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) *(en banc )*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

liquidated damages); *but see, Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108 (7th Cir.1990) (emotional and punitive damages are available as relief for violation of 29 U.S.C. § 215(a)(3) which provides for "legal" relief "without limitation"), *cert. denied*, 502 U.S. 812, 112 S.Ct. 60, 116 L.Ed.2d 36 (1991).

The United States Court of Appeals for the Fifth Circuit has addressed this issue in the context of a comparison with the Age Discrimination in Employment Act ("ADEA"),[2] which contains virtually identical language, and have determined that neither emotional nor punitive damages are recoverable under the ADEA. *Dean v. American Security Ins. Co.*, 559 F.2d 1036, 1040 (5th Cir.1977). In *Dean*, the plaintiff argued that the phrases authorizing "legal or equitable relief ... without limitation" must be construed to sanction all traditional legal relief, including the award of punitive and general damages. 559 F.2d at 1038. The Fifth Circuit disagreed that, by itself, the inclusion of the term "legal relief" justified awards of all forms of legal relief. 559 F.2d at 1038 and n. 6. If Congress believed punitive damages necessary, it knew exactly how to provide for them. 559 F.2d at 1040; *c.f.*, 42 U.S.C. § 1981a. The *Travis* court's reasoning for its decision that emotional and punitive damages are recoverable under § 215(a)(3) is at odds with this Circuit's reasoning that such damages are not available under the ADEA, which incorporates enforcement provisions similar to the FLSA.

This Court also finds persuasive the reasoning in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981) (regarding 42 U.S.C. § 1983), which the United States Court of Appeals for the Eleventh Circuit recently applied to vacate a § 1983 punitive damages award against a Florida Sheriff's Department. *See Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir.1995). In *City of Newport*, the Supreme Court vacated a judgment awarding punitive damages against a municipality. From a public policy perspective, the Supreme Court reasoned that an award of punitive damages against a government "punishes" only the taxpayers, who did not participate in the wrongdoing, and results in a windfall for the fully compensated plaintiff. 453 U.S. at 267, 101 S.Ct. at 2759–60. It is far from clear that government officials would be deterred from wrongdoing by the knowledge that large punitive awards could be assessed. Nor is there reason to suppose that corrective action, such as the discharge of offending officials who were appointed and the public excoriation of those who were elected, will not occur unless punitive damages are awarded. 453 U.S. at 268–69, 101 S.Ct. at 2760–61. Furthermore, a punitive damage award may create a serious risk to the financial integrity of a government entity. 453 U.S. at 270, 101 S.Ct. at 2761–62. Applying the reasoning of the Supreme Court by analogy to this case involving the FLSA, "considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials." 453 U.S. at 271, 101 S.Ct. at 2762; *Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir.1995); *Kubany v. School Bd. of Pinellas County*, 839 F.Supp. 1544, 1551 (M.D.Fla.1993). Accordingly, the Department is entitled to partial summary judgment that emotional and punitive damages are unavailable under the FLSA.

## V. *STRAIGHT TIME CLAIMS IN NON-OVERTIME WORK CYCLES*

Seven plaintiffs—Thomas C. Adkins, Mayo Andrew Clay, II, David C. Fitch, Bernard J. Marques, Brian McDonnell, Fred Morton, and Bobby J. Suber—seek compensation under the FLSA at their regular straight time rates for hours worked in 28 day pay periods even though they worked no overtime. The Department seeks partial summary judgment that the FLSA requires no such compensation [Docket No. 189 at 2], and full summary judgment as to those seven plaintiffs' claims [Docket No. 143]. Plaintiffs oppose summary judgment arguing that it is

---

**2.** The ADEA provides for "such *legal or equitable relief as may be appropriate* to effectuate the purposes of this chapter, *including without limitation* judgments compelling employment, rein- statement or promotion, or enforcing the liability for amounts deemed to be unpaid wages or unpaid overtime compensation under this section." 29 U.S.C. § 626 (emphasis added).

"implicit in the framework of the FLSA," Docket No. 210 at 10, that plaintiffs may recover their full regular wage (not merely minimum wage) under 29 U.S.C. §§ 206 and 207 for hours worked between 160 and 171 hours. Plaintiffs argue that this is true 1.) even though plaintiffs' *average* wages range from $8.75 per hour (Suber) to $18.44 per hour, and never fall below the minimum wage; 2.) plaintiffs never pled a § 206 (minimum wage) claim; and 3.) plaintiffs are not suing on a contract. Based on the pleadings and their interrogatory responses, plaintiffs Adkins, Clay, Fitch, Marques, McDonnell, Morton and Suber have made no claims for overtime pay in this case, and thus fail to establish a prima facie claim under the FLSA.

## A. *The Law*

■ Section 7(k) of the FLSA, 29 U.S.C. § 207(k), allows public agencies a partial exemption from the overtime provisions of 29 U.S.C. § 207(a)(1) "with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions)" whose work period is at least seven but no more than twenty-eight consecutive days. Law enforcement employees subject to section 7(k) are entitled to time and one-half pay only after they have worked more than 171 hours in a twenty-eight day work period (which translates to almost forty-three hours in a seven day work period). *Id.;* 29 C.F.R. § 553.230(c) (1993); *Avery v. City of Talladega,* 24 F.3d 1337, 1340–41 (11th Cir.1994). The Department treats its deputies as partially exempt from overtime under section 7(k).

■ The purpose of the FLSA was to set limits on minimum wages and the number of hours an employee is permitted to work before the employer is required to pay overtime. All that the FLSA requires is that an employee be paid at least the minimum wage for all hours worked, and if no exemption applies, overtime pay for each hour in excess of the statutory minimum. 29 U.S.C. §§ 206–07; *Walling v. A.H. Belo Corp.,* 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942)

(FLSA does not bar employer from paying some wages at lower rate as long as lower rate equals or exceeds minimum wage); *accord, Wethington v. Montgomery,* 935 F.2d 222 (11th Cir.1991); *Anderson v. Bristol,* 6 F.3d 1168 (6th Cir.1993); *York v. Wichita Falls,* 48 F.3d 919 (5th Cir.1995); *but see, Lamon v. City of Shawnee, Kansas,* 972 F.2d 1145 (10th Cir.1992) (requiring straight time pay for hours between 160 and 172 in a 28 day period where no overtime was worked).

The relief available to employees who claim violations of §§ 206 and 207 of the FLSA is limited to "their unpaid minimum wages, or the unpaid overtime compensation, as the case may be and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 215 of the FLSA lists "prohibited acts" as being a violation of §§ 206 (minimum wage), 207 (maximum hours/overtime provision), 212 (child labor), 211(c) (record keeping), 215(a)(3) (retaliation) or regulations issued under § 214 (employment of apprentices and others). There is no mention of any other regulatory or statutory provision in § 215.

■ As a general rule, an employee cannot succeed on a claim under the FLSA if his average wage for a period in which he works no overtime exceeds minimum wage. *Blankenship v. Thurston Motor Lines,* 415 F.2d 1193, 1198 (4th Cir.1969); *United States v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 490 (2d Cir.1960); *Cuevas v. Monroe Street City Club, Inc.,* 752 F.Supp. 1405, 1417 (N.D.Ill.1990); *Dove v. Coupe,* 759 F.2d 167, 171 (D.C.Cir.1985); *Travis v. Ray,* 41 F.Supp. 6, 8 (W.D.Ky.1941); *accord, Hensley v. MacMillan Bloedel Containers,* 786 F.2d 353, 357 (8th Cir.1986); *Marshall v. Sam Dell's Dodge Corp.,* 451 F.Supp. 294, 301–303 (N.D.N.Y.1978). Indeed, partial summary judgment is appropriate where there is no dispute that the plaintiffs' salary is above the minimum wage, and they are owed no overtime. *Arnold v. State of Arkansas,* 910 F.Supp. 1385, 1393 (W.D.Ark.1995).

Letter opinions issued by U.S. Department of Labor's Wage and Hour Division also support this general rule. In a DOL Letter Ruling (October 22, 1987) (reprinted in BNA Wages & Hours Manual at 99:5198), DOL

found that a city was not required to pay extra for a fifteen minute roll call where police officers do not work more than 171 hours in 28 day work period as prescribed by § 7(k). *See also,* Opinion Letter No. 1560, Lab.L.Rep. (CCH) ¶ 31,363 (March 3, 1981); Opinion Letter No. 535, Lab.L.Rep. (CCH) ¶ 30,522 (Nov. 6, 1966); Opinion Letter No. 100, Lab.L.Rep. (CCH) ¶ 30,640 (May 31, 1962); and Opinion Letter No. 24, Lab. L.Rep. (CCH) ¶ 30,533 (Oct. 3, 1961).

Plaintiffs in this case do not seek to enforce their regular straight time pay rates under a *contract. See* 29 C.F.R. § 778.322; *Birdwell v. City of Gadsden, Alabama,* 970 F.2d 802, 805 (11th Cir.1992); *Atlanta Professional Firefighters Union, Local 134 v. City of Atlanta,* 920 F.2d 800, 806 (11th Cir.1991); *accord, Wren v. Sletten Const. Co.,* 654 F.2d 529, 535 (9th Cir.1981).

### B. *Application to Plaintiffs*

Plaintiffs were employed based upon a twenty-eight day work period in accordance with 29 U.S.C. § 207(k). Plaintiffs are not entitled to overtime compensation under the FLSA unless they work in excess of 171 hours in any particular 28 day period. The Plaintiffs who are deputies and correctional officers are generally scheduled to work 160 hours per 28 day cycle and are paid hourly. They are paid straight time at their regular rate for hours between 160 and 172 in a twenty-eight day pay period. The sergeants are paid a bi-weekly salary and straight time at an hourly rate for hours worked beyond their regularly scheduled hours. Lieutenants receive bi-weekly salaries regardless of the number of hours they work.

At oral argument, plaintiffs argued for compensation under 29 U.S.C. §§ 206 (minimum wage) and 207 (overtime) for non-overtime hours they claim they have worked in weeks in which they worked no overtime hours. However, plaintiffs have not claimed a violation of the minimum wage requirements of 29 U.S.C. § 206 (minimum wage), common law breach of any contract, or any violations of state law regarding unpaid wages. Instead the plaintiffs claim that they are entitled under the FLSA to compensation at their regular straight time rates for

hours worked in weeks in which they are claiming no overtime pay. See tables attached to interrogatory responses of Luwani James, Robert Peek, Alexis Padua, and H. Ray Messer. All plaintiffs in this action during the applicable period were compensated above minimum wage. See charts attached to interrogatory responses of Plaintiff Alexis Padua, Luwani James, Michael Homer.

■ Plaintiffs argue that no matter how high an employee's *average* wage is, the FLSA entitles him to additional compensation at his regular rate for each additional hour worked. Once again, plaintiffs' argument proves too much. At oral argument, plaintiffs argued that even if the Department were to pay a deputy at an average regular straight time rate of $1,000 per hour ($40,000 for a 40 hour week), the FLSA's minimum wage provision would require the Department to pay the deputy another $1,000 if he worked one extra non-overtime hour during his pay period. This is absurd. The FLSA was designed to assure the payment of a *minimum* wage plus overtime, nothing more.

■ Regardless of the nature of the work plaintiffs claim that they performed, none are entitled to their regular straight time wage rates in weeks in which no overtime was performed. Because there are no genuine issues of material fact on these claims, the Department is entitled to partial summary judgment as a matter of law on all claims for straight time pay in non-overtime work weeks. Similarly, the Department is entitled to full summary judgment as to the claims of Thomas C. Adkins, Mayo Andrew Clay, II, David C. Fitch, Bernard J. Marques, Brian McDonnell, Fred Morton, and Bobby J. Suber.

### VI. *EXECUTIVE EXEMPTION*

The Department seeks partial summary judgment that lieutenants and sergeants are subject to the FLSA's executive exemption (exempting public agencies from paying overtime to executives), and thus, not entitled to overtime compensation. Plaintiffs oppose summary judgment arguing that none of the lieutenants and sergeants are paid on a sala-

ry basis because the Department once made partial week disciplinary deductions to the salaries of two non-plaintiffs (Lieutenant Brown and Sergeant Ted Knowles).[3]

 Exemptions under the Fair Labor Standards Act ["FLSA"] are to be construed narrowly against the employer who asserts them. *Jeffery v. Sarasota White Sox*, 64 F.3d 590, 594 (11th Cir.1995); *Avery v. City of Talladega*, 24 F.3d 1337, 1340 (11th Cir.1994) (executive overtime exemption construed narrowly); *accord, Brock v. Louvers and Dampers, Inc.*, 817 F.2d 1255, 1256 (6th Cir.1987), citing *Arnold v. Ben Kanowsky*, 361 U.S. 388, 396, 80 S.Ct. 453, 458, 4 L.Ed.2d 393 (1960). The employer has the burden of showing that it is entitled to the exemption. *Avery*, 24 F.3d at 1340; *Jeffery*, 64 F.3d at 594; *Brock*, 817 F.2d at 1256, citing *Arnold*, 361 U.S. at 397, 80 S.Ct. at 458–59.

 The FLSA completely exempts from overtime "any employee employed in a bona fide executive, administrative, or professional capacity," 29 U.S.C. § 213(a)(1). The Department treats all of the lieutenants and sergeants as exempt employees under that provision, which plaintiffs dispute. The regulations provide that in order to be classified as exempt under this provision, an employee must be paid on a salary basis, 29 C.F.R. § 541.1(f); *Avery v. City of Talladega*, 24 F.3d 1337, 1340–41 (11th Cir.1994). The lieutenants and sergeants contend that they are not paid on a salary basis, and therefore, that they should not be treated as exempt.

 Congress expressly authorized the Secretary of Labor to define the scope of the executive, administrative, and professional employee exemptions. 29 U.S.C. § 213(a)(1). Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984); *Avery v. City of Tal-*

*ladega*, 24 F.3d 1337, 1340–42 n. 3 (11th Cir.1994) (expressly leaving open the question of whether 29 C.F.R. § 541.118(a)(5) is invalid as arbitrary and capricious insofar as it applies to law enforcement employees, and three times inviting future challenge).

The Secretary of Labor has issued regulations defining the term executive as used in Section 13(a)(1) of the FLSA. The "short test" for executive status is as follows:

> An employee who is compensated on a **salary basis** at the rate of **not less than $250 per week**.... and whose **primary duty consists of the management** of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof and includes the customary and regular **direction of the work of two or more other employees** therein, shall be deemed to meet all the requirements of this section.

29 C.F.R. § 541.1(f) (emphasis supplied).

At oral argument, the parties agreed that all thirteen plaintiffs who are lieutenants and sergeants are paid at least $250.00 per week, and that twelve of the thirteen plaintiffs (there is no agreement as to Panteleo) regularly direct the work of two or more other employees. The parties also agreed that the record reflects a material issue of fact regarding "primary duty" which remains for trial. The Department nevertheless seeks partial summary judgment on the issues of whether the Department compensated its lieutenants and sergeants on a "salary basis."

29 C.F.R. § 541.118 contains detailed requirements for payment on a salary basis. Section 541.118(a) defines "on a salary basis" as follows:

> An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of

---

**3.** The Court rejects without discussion plaintiffs' tenuous argument regarding Sergeants Sinclair and Chisolm whose suspension for longer than five days spanned more than one work week. Docket No. 210 at 30. Plaintiffs' argument shows the logical extreme of allowing the tail to wag the dog ... i.e. to permit the salary definition in the FLSA to be a central factor affecting how long a police officer will be disciplined.

his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.

Deductions from pay may be made, consistent with salaried status, only when the employee is absent from work "for a day or more for personal reasons other than sickness or accident," 29 C.F.R. § 541.118(a)(2); when the employee is absent for a day or more due to sickness or disability "if the deduction is made in accordance with a bona fide [sick leave] plan," § 541.118(a)(3); or when the employee is penalized "in good faith for infractions of safety rules of major significance," § 541.118(a)(5). Safety rules of major significance include only those rules relating to "the prevention of serious danger to the plant, or other employees, such as rules prohibiting smoking in explosive plants, oil refineries, and coal mines." 29 C.F.R. § 541.118(a)(5). Defendant challenges the validity of § 541.118(a) of the regulations in this case as arbitrary and capricious.

The lieutenants and sergeants argue that they are not paid on a "salary basis" as required for the § 213(a)(1) exemption to apply. The lieutenants and sergeants argue that because the Department once suspended Lt. Brown and Sgt. Ted Knowles without pay for acts that were not infractions of safety rules of major significance, the Department cannot properly treat any lieutenant or sergeant as a salaried employee subject to the overtime exemption for executive, administrative, or professional employees. Plaintiffs' argument fails for two reasons: 1.) the "window of correction" provision; and 2.) the invalidity of the disciplinary component of the salary test as applied to law enforcement employees.

The affidavit of Ron Clark details that the Department's lieutenants and sergeants are paid on a salary basis. Lieutenants are paid a set minimum amount every two weeks regardless of the number of hours worked. Clark Affidavit at 10–11. Sergeants are paid a set minimum amount every two weeks regardless of the number of hours worked except that sergeants receive a straight time payment in addition to their salary for every hour worked over one hundred sixty in the twenty-eight day Section 7(k) work cycle. The lieutenants' and sergeants' salaries clearly exceed $250.00 a week. The affidavit of Ronald Clark details that the lieutenants' salaries on a bi-weekly basis range from $1,126.40 to $1,680.80 while sergeants' salaries on a bi-weekly basis range from $982.40 to $1,481.60.

The affidavit of James Donn details that during the three year period before November 9, 1994, there were two disciplinary deductions from the salaries of lieutenants and sergeants. In June, 1994, Sergeant Ted L. Knowles, who is *not* a Plaintiff in this case was suspended for two days without pay for abuse/neglect of assigned equipment. In August, 1992, Lieutenant Michael Brown who is *not* a Plaintiff in this case was suspended for three days without pay for absence from duty without prior approval. These two disciplinary suspensions without pay to two non-plaintiffs are not sufficient to invalidate the salary basis for the lieutenant and sergeant plaintiffs. None of the lieutenants and sergeants who are plaintiffs in this case had actual suspensions without pay during the applicable statute of limitations period.

The Department has adequately addressed the disciplinary suspensions through the "window of correction" allowed under 29 C.F.R. § 541.118(a)(6). The "window of correction" is available not only where the impermissible deduction is inadvertent, but whenever the deduction is for reasons other than lack of work. *Lee v. Flightsafety Services Corp.*, 20 F.3d 428, 433 (11th Cir.1994). The record reflects that the Department did not suspend Sergeant Knowles or Lieutenant Brown for lack of work. Moreover, the Department reimbursed the employees for those deductions. At the oral argument, counsel for the Department stated that he had authority from the Department to promise that the Department would comply in the future. The record contains no other indica-

tion that the Department did not intend to compensate plaintiffs on a salary basis. Accordingly, the Knowles and Brown deductions do not destroy the salary basis which the Department has established.

█ As a secondary ground to the "window of correction" holding, the Court finds the disciplinary component of the salary test to be arbitrary and capricious, and therefore invalid, as applied to law enforcement employees. The Court fully adopts the reasoning in *Bowman v. City of Indianapolis*, 927 F.Supp. 309, 313–15 (S.D.Ind.1996) applying the highly deferential standard in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984). The Eleventh Circuit expressly left this question open in *Avery v. City of Talladega*, 24 F.3d 1337, 1342 n. 3 (11th Cir.1994), and invited a challenge to the validity of 29 C.F.R. § 541.118(a).

█ The regulations under the FLSA merely define when an employee is compensated on a salary basis and therefore exempt. The regulation is not designed for use in determining the appropriate length for a suspension for a law enforcement officer. Nevertheless, the tail has been wagging the dog. Where no party challenges the validity of § 541.118(a), a court of appeals is constrained to apply even an arbitrary regulation that evaporates the salary basis and overtime exemption for a large number of never-suspended lieutenants. 24 F.3d at 1342. The Department is entitled to partial summary judgment that it compensated its lieutenants and sergeants on a "salary basis."

█ Defendant has not sought summary judgment on many issues, and those issues remain for trial. The jury must decide whether the Department has violated the FLSA as to each plaintiff. This will require the jury to examine, as to each work period, each plaintiff's meal breaks and pre- and post-shift work. *See Avery v. City of Talladega*, 24 F.3d 1337, 1348 (11th Cir. 1994). The Court must instruct the jury to apply the predominant benefit test, *Avery*, 24 F.3d at 1347, in order to determine whether the plaintiffs' generally spend their meal pe-

riods predominantly for the benefit of the Department. If so, the meal periods are compensable under the FLSA. If not, the Department may properly offset paid meal breaks against any compensable pre- and post-shift time worked by the plaintiffs. If the plaintiffs are occasionally recalled to active service before they finish their meal breaks, or are occasionally so busy that they are denied meal breaks, they are entitled to compensation for the additional time that they are working for the Department. See 29 C.F.R. § 553.221(b) (1993) ("[c]ompensable hours of work generally include ... [all] time during which the employee is suffered or permitted to work for the employer."); *Avery*, 24 F.3d at 1347. Regarding each non-exempt plaintiff, the jury must make findings as to the amount of pre- and post-shift time that he or she worked, and as to the length of his or her meal breaks. This is necessary in order to determine whether the plaintiffs are entitled to additional compensation, and to determine the amount, if any.

The Court must instruct the jury to determine whether the Department had actual or constructive knowledge that plaintiffs were performing overtime work under the standard described in *Reich v. Department of Conservation and Natural Resources*, 28 F.3d 1076, 1081–84 (11th Cir.1994). In addition, the Court must instruct the jury to decide whether certain plaintiffs' demand for FLSA relief was an immediate cause or motivating factor in the Department's allegedly retaliatory conduct. *See Reich v. Davis*, 50 F.3d 962, 965–66 (11th Cir.1995).

## VII. CONCLUSION

Defendant's Motion for Summary Judgment against plaintiffs ADKINS, CLAY, FITCH, MARQUES, McDONNELL, MORTON, AND SUBER [Docket No. 143] filed March 29, 1996 is **GRANTED**. Defendant's Motion for Partial Summary Judgment [Docket No. 189] filed March 29, 1996 is **GRANTED in part, to the extent stated in this opinion, and is otherwise DENIED.**