Buddy R. CARTER, Jr., et al., Plaintiffs,

v.

CITY OF CHARLESTON, SOUTH
CAROLINA, Defendant.

No. 2:96–2508–18.

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 16, 1997.

**621**

Thomas Woodley, Washington, DC, K. Douglas Thornton, Georgetown, SC, for Plaintiffs.

Frances I. Cantwell and Allan Holmes, Charleston, SC, for Defendant.

## ORDER

NORTON, District Judge.

This action is before the court on Plaintiffs' Motion for Summary Judgment on the amount of damages for Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

On August 20, 1997, this court granted summary judgment to Plaintiffs, finding Defendant unlawfully excluded from Plaintiffs' compensation time designated for sleep. (Order at 4–10). Plaintiffs claim they are entitled to: (1) overtime, at 1.5 times their hourly rate, for each hour worked in excess of 106 hours per pay period (overtime); (2) straight time compensation for each hour worked in excess of 95 up to 106 per pay period (gap time); (3) the third year of back pay allowable under the FLSA; and (4) liquidated damages in an amount up to the award of back pay.

At a December 3, 1997 hearing on this matter, the parties stipulated their agreement to the amount of overtime due. Also at the hearing this court denied Plaintiffs' Motion for Summary Judgment on their claim for a third year of back pay. Accordingly, the only issues presently before this court are Plaintiffs' claims for gap time and for liquidated damages.

Plaintiffs' gap time claims fall into two categories: (1) straight time for hours in those pay periods where no overtime was due (pure gap time); and (2) straight pay for hours worked between 95 and 106 in pay periods where overtime was due (overtime gap time).

■ Pure gap time claims are not cognizable under the FLSA when the hours worked do not exceed the overtime threshold and the employee has been paid for those hours at the statutory minimum wage. *Monahan*, 95 F.3d at 1280; *Bolick v. Brevard County Sheriff's Dept.*, 937 F.Supp. 1560, 1569 (M.D.Fla.1996). Thus, absent a violation of 29 U.S.C. § 206, pure gap time claims are not cognizable under the FLSA. *Id.*

■ Plaintiffs argue that failure to pay at least the minimum wage for the work hours above 95 is a clear violation of 29 U.S.C. § 206. (Plaintiffs' Reply on Damages at 7). However, as a general rule, an employee cannot succeed on a claim under the FLSA if his **average** wage for a period in which he works no overtime exceeds minimum wage. *Monahan*, 95 F.3d at 1270 (citing *Schmitt v. Kansas*, 844 F.Supp. 1449, 1457 (D.Kan.1994)); *Bolick*, 937 F.Supp. at 1568 (citations omitted). Here, the evidence indicates Plaintiffs' average wage each work period exceeds minimum wage. The starting pay of a firefighter in February, 1993 (three years prior to the initiation of this lawsuit) was $646.19 bi-weekly. Assuming a firefighter worked 106 hours, his or her hourly rate would be $6.10, which exceeds the statutory minimum wage. Accordingly, Plaintiffs' Motion for Summary Judgment on pure gap time is denied.

■ In evaluating Plaintiffs claims for overtime gap time, this court must determine whether Plaintiffs' regular pay compensated them for all hours worked up to the overtime threshold. *Monahan v. County of Chesterfield*, 95 F.3d 1263 (4th Cir.1996). Because a genuine issue of material fact exists as to what hours of work Plaintiffs' regular pay compensated,[1] Plaintiffs' Motion for Sum-

---

**1.** Plaintiffs argue that this court's August 20, 1997 Order granting their Motion for Summary Judgment on liability establishes that they were only compensated for 95 hours of work each work cycle. (Plaintiffs' Reply on Damages at 3). However, the primary purpose of the court's discussion was to emphasize that 5 hours of sleep time had been excluded from Plaintiffs' compensation. The court was not addressing the terms of Plaintiffs' employment or the hours which their regular pay compensated.

mary Judgment on overtime gap time is denied.

▇ The FLSA provides, in relevant part, that an employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA plainly envisions that liquidated damages are the norm for violations of § 207. *Mayhew v. Wells,* 125 F.3d 216, 220 (4th Cir.1997); *see also Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 310 (7th Cir.1986).

▇ Only where the employer shows to the satisfaction of the court that its actions were in good faith and that it had reasonable grounds for believing it did not violate the FLSA may the court exercise discretion to deny liquidated damages. *Mayhew,* 125 F.3d at 220 (citing 29 U.S.C. § 260) (other citations omitted); *Richard v. Marriott Corp.,* 549 F.2d 303, 305–06 (4th Cir.1977), *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977). The employer has a "plain and substantial burden" to persuade the court that the "failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Mayhew,* 125 F.3d at 220 (quoting *Brinkley–Obu v. Hughes Training, Inc.,* 36 F.3d 336, 357 (4th Cir .1994)); *Richard,* 549 F.2d at 306.

▇ Defendant has not met its heavy burden of showing both good faith and reasonableness. Defendant's proof primarily consists of its written policy which contemplates a fire fighter shift schedule of 24 and 1/4 hours for the purpose of avoiding the payment of FLSA overtime. However, as this court detailed in its August 20, 1997 Order, for twelve years Defendant took no steps to insure its policy was implemented or enforced. (Order at 9–10). Defendant has not offered any deposition testimony or affidavits showing any efforts to comply with the long-established requirements of the FLSA.

Because this court is not satisfied that Defendant's actions were in good faith and that Defendant had reasonable grounds for believing its actions were not a violation of the FLSA, Plaintiff's Motion for Summary Judgment on liquidated damages is granted.

It is therefore,

**ORDERED,** that Plaintiffs' Motion for Summary Judgment be **GRANTED** in part and **DENIED** in part.

**AND IT IS SO ORDERED.**