### UNITED STATES

v.

### Herbert L. WERNIKOVE et al.

### Crim. No. 20988.

United States District Court
E. D. Pennsylvania.
July 3, 1962.

Lawrence Prattis, Asst. U. S. Atty., Drew J. T. O'Keefe, U. S. Atty., for plaintiff.

Samuel Dash, Philadelphia, Pa., for defendant, Anna M. Ulitsky.

## FREEDMAN, District Judge.

Anna M. Ulitsky, one of the defendants, seeks the dismissal of Count IX [1] in the indictment which charges her with knowingly and fraudulently receiving $1,499.90 from the bankrupt, Herbert L. Wernikove, in violation of the fourth pargraph of § 152 of Title 18 U.S.C.A., which provides: "Whoever knowingly and fraudulently receives any material amount of *property* from a bankrupt after the filing of a bankruptcy proceeding, with intent to defeat the bankruptcy law", is guilty of a criminal offense.

The basis of the motion to dismiss is that Congress did not intend to include cash in its use of the word "property", and hence the indictment in alleging the receipt of cash fails to charge a crime.

The foundation of defendant's argument is the variation in the language used in paragraphs 4 and 5 of the same section. In paragraph 5, dealing with bribery or extortion in bankruptcy matters, Congress used the phrase "*money or property*". It is earnestly argued that the statutory specification in the fifth paragraph of "money" in addition to "property" indicates that Congress distinguished money from other property and that in using the word "property" alone in paragraph 4 Congress indicated an intention not to include "money" in its meaning.

In support of this contention a number of well settled canons of construction are cited. As is so often true, these canons of construction in their unimpeachable generality fail to lead us very close to the solution of the concrete problem before us.

■ The result of the adoption of defendant's view would be startling. For if the use of the phrase "money or property" in the fifth paragraph of § 152 indicates a Congressional intention to exclude "money" from the meaning of "property" in paragraph 4 of § 152, the same construction must also be placed on the use of "property" in all other paragraphs of § 152. Indeed, it would require the same construction in all of Chapter 9 of Title 18 dealing with crimes involving bankruptcy proceedings. Our ultimate goal is, of course, to ascertain the Congressional intent, United States v. Raynor, 302 U.S. 540, 58 S.Ct. 353, 82 L.Ed. 413 (1937), and if the conclusion could be drawn that Congress so intended, or that the words which it used construed in the light of the Congressional purpose lead to no other conclusion, it would be left to Congress to repair the harm by future legislation. But here the intent of Congress is expressed in the ordinary and natural meaning of the word "property". There is no need to limit its meaning by carrying the distinction made in the fifth paragraph of § 152 between "money" and "property" into paragraph 4 or into any of the other paragraphs of § 152 or into any of the other sections of Chapter 9 of Title 18. For the fifth paragraph of § 152 deals with criminal acts in which the use of the word "property" alone, without specifying money, might very well have led to the argument that the Congressional purpose was not fully expressed. The fifth paragraph deals with bribery and extortion in bankruptcy proceedings. In such cases, money is the customary consideration involved in the criminal offense. In specifying "money" in such cases, therefore, Congress referred to the usual circumstance in addi-

---

1. Count I, dealing with conspiracy, is also attacked on the same ground by the motion to dismiss.

tion to the general description of property, and in so doing must have intended that the special language would be limited to the special cases in which it was employed. Moreover, the fifth paragraph deals not only with "money" or "property" in cases of bribery or extortion. It speaks of "any money or property, remuneration, compensation, reward, advantage, or promise thereof". In the light of this additional phraseology it becomes even more clear that in the fifth paragraph Congress was specifying those conditions which were customarily encountered in cases of extortion or bribery. All of the remaining paragraphs of § 152 are to be read, in their use of the word "property" in their normal meaning, and so read, include "money".

Whatever might be the better terminology and however preferable may be a uniformity in usage, it seems to us unreasonable to conclude that by the difference in terminology Congress intended to limit the full meaning of the word "property" in all of the other paragraphs of § 152 and in the remaining sections of Chapter 9 of Title 18. Congress in denouncing as a crime the concealment of property belonging to a bankrupt estate (First paragraph § 152), certainly intended to include the concealment of money belonging to the bankrupt estate. Again, the sixth paragraph of § 152 makes it a crime for any agent or officer of any person or corporation, knowingly or fraudulently to transfer or conceal any of the property of such person or corporation in contemplation of bankruptcy proceedings. Acceptance of defendant's argument would require that "money" be excluded from the meaning of "property" in this paragraph. Even more strikingly, paragraphs 7 and 8 of § 152 deal with the concealment, destruction, or falsification or fraudulent withholding from the receiver or trustee of any documents relating to the "property or affairs" of a bankrupt. The strange conclusion would be required that false entries and concealment of records relating to the money of a bankrupt would not be included in this provision relating to the "property" of a bankrupt. Finally, § 153, which is a part of Chapter 9, dealing with bankruptcy crimes, provides that whoever knowingly and fraudulently " * * * embezzles, *spends*, or transfers any *property* * * * belonging to the estate of a bankrupt which came into his charge as trustee, receiver * * * * " [etc.,] is guilty of a crime. Defendant's argument would require the conclusion that one could only be guilty of this crime if he spent property belonging to the bankrupt estate which was not in cash.

We conclude, therefore, that the provision of the fourth paragraph of § 152 declaring it a crime knowingly and fraudulently to receive any material amount of property from a bankrupt after the filing of a bankruptcy proceeding, with intent to defeat the bankruptcy law, includes money as well as any other property. It is true that we deal here with a penal statute, but in the words of Mr. Justice Black in United States v. Raynor, supra, 302 U.S. p. 552, 58 S.Ct. p. 359: "No rule of construction * *, requires that a penal statute be strained and distorted in order to exclude conduct clearly intended to be within its scope— nor does any rule require that the act be given the 'narrowest meaning.'"

### ORDER

AND NOW, July 3, 1962, the motion of the defendant, Anna M. Ulitsky, to dismiss Counts I and IX of the indictment is denied.