**664**

Mark A. GLORIOSO, James W. Paine, and John Flejter, Plaintiffs,

v.

Roy WILLIAMS, Joseph Luterbach Construction Company, Joseph Luterbach, and Judy Greene, Defendants.

Civ. A. No. 88–C–739.

United States District Court, E.D. Wisconsin.

May 1, 1990.

James C. Wood, Milwaukee, Wis., for plaintiffs.

Roy Williams, pro se.

Mark Camp, Wauwatosa, Wis., for Joseph Luterbach and Luterbach Const.

Jennifer F. Valenti, for Judy Greene.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On April 13, 1990, plaintiffs moved this court to compel discovery of 1) defendant Joseph Luterbach Construction Company's ("Luterbach") employee wage records for employees other than plaintiffs and 2) Luterbach's annual income tax statements. On April 27, 1990, this court conducted a telephonic hearing on plaintiffs' motion, to provide counsel with an opportunity to present any arguments not put forth in their briefs on plaintiffs' motion.

After considering plaintiffs' additional arguments, this court held that wage records for the employees other than plaintiffs is not discoverable because these documents are irrelevant to plaintiffs' complaint. Plaintiffs are essentially seeking overtime pay from Luterbach which they allege they have earned but have not been paid (Complaint ¶¶ 27–31) and damages for defendants' retaliatory discrimination against plaintiffs for reporting Luterbach's nonpayment of overtime (Complaint ¶¶ 32–40). Thus, the wage statements of Luter-

bach employees other than plaintiffs is irrelevant to this case.

■■■ Plaintiffs argued that Luterbach's annual income tax statements are discoverable because they are seeking punitive damages in their complaint. The complaint alleges that the defendants violated the Fair Standards Labor Act, Title VII of the Civil Rights Act, and committed common-law tort of intentional infliction of emotional distress against plaintiff Mark Glorioso ("Glorioso"). First, punitive damages are not available under either the Fair Labor Standards Act or Title VII of the Civil Rights Act. *King v. J.C. Penny Co., Inc.,* 58 F.R.D. 649 (N.D.Ga.1973); *Busse v. Gelco Exp. Corp.,* 678 F.Supp. 1398 (E.D. Wis.1988). Second, the Seventh Circuit has held that an employee's common-law tort claim against an employer for intentional infliction of emotional distress as a result of the employer's conduct during the employee's employment is barred by the exclusivity provision, § 102.03(2), of the Wisconsin Workers Compensation Act ("WCA"). *Zabkowicz v. West Bend Co., Div. Dart Industries,* 789 F.2d 540, 543–45 (7th Cir.1986). Essentially, § 102.03(2) of the Wisconsin WCA requires an employee to proceed with his or her intentional infliction of emotional distress claim against an employer under the WCA, and prohibits the filing of a separate tort action. *Id.* Accordingly, this court dismissed plaintiff Glorioso's intentional infliction of emotional distress claim against Luterbach sua sponte, which in turn eliminated plaintiffs' ability to recover punitive damages against Luterbach. Thus, plaintiffs request to compel discovery of defendant Luterbach's annual income tax returns also is denied.

IT IS THEREFORE ORDERED that plaintiffs' motion to compel discovery of Joseph Luterbach Construction Company's employee wage records for employees other than plaintiffs is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to compel discovery of defendant Joseph Luterbach Construction Company's annual income tax statements is DENIED.

IT IS FURTHER ORDERED that plaintiff Mark Glorioso's intentional infliction of emotional distress claim against defendant Joseph Luterbach Construction Company is DISMISSED.

Dated at Milwaukee, Wisconsin, this 1st day of May, 1990.