782 F.Supp. 86 (1991)
Steve WALDERMEYER, Plaintiff,
v.
ITT CONSUMER FINANCIAL CORP. and Tom Roth, Defendants.
No. 90-2103-C-5.
United States District Court, E.D. Missouri, E.D.
November 21, 1991.
Marylou Calzaretta, Richard L. Geissal & Associates, St. Louis, Mo., Daniel J. McMichael, McMichael & Logan, Chesterfield, Mo., for plaintiff.
Terry L. Potter, John B. Renick, McMahon Berger Hanna Linihan Cody & McCarthy, St. Louis, Mo., for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff Steve Waldermeyer originally filed this action in the Circuit Court of the City of St. Louis against his former employer ITT Consumer Financial Corporation and its agent Tom Roth. He alleges he had a physical condition that prohibited him from working overtime and that defendants fired him for refusing to work overtime without compensation. On October 29, 1990, plaintiff filed his second amended petition. Count I alleged violation of the Missouri Human Rights Act; Count II alleged wrongful discharge and intentional infliction of emotional distress; and, Count III alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. On November 8, 1990, defendants removed this case from state court to this court pursuant to 28 U.S.C. § 1441(a) alleging federal question jurisdiction based on the newly added Count III asserting an FLSA claim.
This matter is before the Court upon defendants' motion for partial summary judgment.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. *87 Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.
Defendant Tom Roth moves for summary judgment on Count I on the basis that he is not a proper party under Section 213.111 because plaintiff named only ITT as the respondent in his complaint to the Missouri Commission on Human Rights ("MCHR").
Section 213.111 authorizes a person claiming to be aggrieved by an unlawful discriminatory practice to bring a civil action if he first files an administrative complaint with the MCHR and it denies the complaint or fails to act on the complaint within 180 days after it was filed. In that case, the complainant may request "a letter indicating [his] right to bring a civil action ... against the respondent named in the complaint." After the receipt of the right to sue letter, the complainant must file an action in court within 90 days. Rev.Stat. Mo. § 213.111 (Supp.1991).
Plaintiff admits that he named only ITT in his MCHR complaint, but contends that the commission's complaint form misled him to name only the entity against whom he sought to complain. He asserts that because Roth was named in the body complaint as a person responsible for his firing, he was on notice of the complaint as an employee of ITT.
It appears that no Missouri court has addressed the issue of whether naming an individual within the body of a complaint against the employer satisfies the jurisdictional prerequisite of filing a complaint with MCHR. In the absence of state law, a federal court may look to analogous federal law for guidance. See Stewart v. Yellow Freight Systems, Inc. of Indiana, 702 F.Supp. 230, 232 (E.D.Mo.1988).
Defendant contends this action is similar to a claim brought under a federal discrimination statute, Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 2000e et seq. ("Title VII"). Title VII requires that a person claiming employment discrimination must first file a charge with the Equal Employment Opportunity Commission. If the EEOC is unable to secure an acceptable conciliation agreement, "a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...." Dickey v. Greene, 710 F.2d 1003, 1005 (4th Cir.1983) (citing 42 U.S.C. § 2000e-5(f)(1) (emphasis added)).
*88 Courts interpret the requirements of filing a charge with the EEOC as jurisdictional perquisites to a Title VII suit. Id. (citations omitted). The requirement serves two purposes. First, it notifies the charged party of the alleged violation. Second, it permits effectuation of the Act's primary goal, securing voluntary compliance with the law. Id. (citation omitted).
The Eighth Circuit has held that in some cases the failure to name an individual in a charge against an employer will not bar suit. "The filing of an EEOC charge is unnecessary where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir. 1985) (citations omitted). "The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charge." Id. (quoting Eggleston v. Chicago Journeymen Plumbers, 657 F.2d 890, 905 (7th Cir.1981), cert. denied, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). "A suit is not barred `where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation.'" Id. (quoting Romero v. Union Pacific R.R., 615 F.2d 1303, 1311 (10th Cir. 1980).
In this case, defendant Tom Roth was a regional manager for defendant ITT. There is no dispute that he fired plaintiff. The question is whether there is a sufficient "identity of interest" to excuse plaintiff's failure to name him as a respondent in his MCHR charge.
With the motion for partial summary judgment, Roth filed an affidavit stating that he was totally unaware of plaintiff's charge with MCHR until plaintiff filed this lawsuit. He states that he was no longer supervisor of the Washington, Missouri, office of ITT where the MCHR mailed the charge and that ITT never notified him of it. He states that had no opportunity to respond or to participate in any conciliation efforts. Plaintiff has failed to come forward with any facts to dispute this. Based on these facts, the Court concludes there was insufficient identity of interest between Tom Roth and ITT to excuse plaintiff's failure to name Roth as a respondent in his MCHR charge.
Accordingly, summary judgment will be entered in favor of defendant Tom Roth on Count I of plaintiff's complaint.
Defendants also move for summary judgment on plaintiff's claim in Count III for punitive damages for violation of the FLSA. The Court will construe this as a motion to strike. Punitive damages are not available under the FLSA. Glorioso v. Williams, 130 F.R.D. 664, 665 (E.D.Wis. 1990).
Accordingly, plaintiff's claims for punitive damages in Count III will be stricken.