Patricia McANNALLY, Plaintiff(s),

v.

**WYN SOUTH MOLDED PRODUCTS, INC., a corporation, Defendant(s).**

No. CV–95–N–3070–S.

United States District Court, N.D. Alabama, Southern Division.

Jan. 30, 1996.

---

Robyn G. Bufford, Bennitt & Bufford, Birmingham, AL, for plaintiff.

James R. Cockrell, Leeds, AL, R. David Proctor, Lehr, Middlebrooks & Proctor, PC, Birmingham, AL, for defendant.

## Order

EDWIN L. NELSON, District Judge.

The plaintiff, Patricia McAnnally ("Ms. McAnnally"), brings this action under the Family PPL and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* The court has for consideration defendant's motion to dismiss filed December 25, 1995. Specifically, the defendant moves to dismiss plaintiff's claim for punitive damages and mental distress damages.

The FMLA does not provide for punitive damages, and the plaintiff admits that in her response to the defendant's motion. *See Plaintiff's Response to Defendant's Motion to Dismiss Claim for Compensatory and Punitive Damages,* at 1 [hereinafter *Plaintiff's Response* ]. Thus, it is hereby **ORDERED** that plaintiff's claim for punitive damages—paragraph 21(g) of the complaint—is **STRICKEN.**

Where an employer has violated the FMLA, the employee is entitled to compensatory damages equal to the amount of any wages, salary, employment benefits, or other compensation which she was denied or lost by reason of the violation; interest on the compensatory damages; and, unless the court concludes that the employer acted in good faith and reasonably believed it had complied with the Act, liquidated damages equal to the amount of compensatory damages plus interest. 29 U.S.C. § 2617(a)(1)(A). The plaintiff argues that "[l]oss of job security and the resulting mental distress that it brings may certainly be argued to be included in *other compensation denied or lost to such employee." Plaintiff's Response,* at 2.

Plaintiff's argument that loss of job security and the resulting mental distress should be recoverable as "other compensation" belies the plain language of the statute. *See State of Alabama v. Marshall,* 626 F.2d 366, 368–69 (5th Cir.1980) ("[T]he law is well settled that a statute must be interpreted according to its plain language unless a clear contrary legislative intention is shown."). When the FMLA speaks of "other compensation" as a possible measurement of damages, it does so as the fourth item in a series, and the three other items include (1) wages, (2) salary, and (3) employment benefits. *See* 29 U.S.C. § 2617(a)(1)(A)(i)–(ii).[1] The terms wages, salary, and employment benefits imply some type of quid pro quo exchange between an employer and its employee. Appearing as it does with the terms wages, salary, and employment benefits, the term "*other* compensation" also implies some type of quid pro quo exchange between an employer and its employee. The term does not imply a reimbursement formula for "mental distress" stemming from loss of job security. Because the statutory provision does not demonstrate that Congress used the term "other compensation" in a fashion to encompass damages for mental distress, it is hereby ORDERED that the plaintiff's claim for mental distress damages—paragraph 21(f) of the complaint—is STRICKEN.

---

**1.** 29 U.S.C. § 2617(a)(1)(A)(i)–(ii):

(1) Liability

Any employer who violates Section 2615 of this title shall be liable to any eligible employee affected—

(A) for damages equal to—

(i) the amount of—

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee.