**Ronald C. LLOYD, Plaintiff,**

v.

**WYOMING VALLEY HEALTH CARE SYSTEM, INC., defendant.**

No. Civ.A. 3:96–CV–1302.

United States District Court, M.D. Pennsylvania.

Feb. 25, 1998.

Kimberly D. Borland, Borland & Borland, Wilkes Barre, PA, for Ronald C. Lloyd, Plaintiff.

Jonathan B. Sprague, Patrick K. McCoyd, Post & Schell, P.C., Philadelphia, PA, for Wyoming Valley Health Care System, Defendant.

## MEMORANDUM

CAPUTO, District Judge.

On July 12, 1996, plaintiff, Ronald C. Lloyd filed this complaint alleging that Wyoming Valley Health Care System, Inc. violated the Family and Medical Leave Act (FMLA). 29 U.S.C. §§ 2601–2654. Defendant brings this motion for partial summary judgment arguing Mr. Lloyd did not suffer any tangible economic loss under the FMLA, and that the FMLA does not authorize the recovery of damages for emotional distress, embarrassment, humiliation, and loss of job security. For the reasons that follow, defendant's motion is granted in part and denied in part. The court finds there is a genuine issue of material fact as to whether plaintiff suffered any tangible economic loss. The court finds that the FMLA does not provide for damages for emotional distress, embarrassment, and humiliation ("emotional distress"). The court believes that damages for job security may be included in the FMLA.

## I. BACKGROUND

Taken in a light most favorable to the non-moving party, the facts are as follows. In 1981, Wilkes–Barre General Hospital hired Mr. Lloyd as the Assistant Director of Purchasing. From November of 1982 through June of 1993, Mr. Lloyd served as Director of Central Services for Wilkes–Barre General Hospital. In 1993, Wilkes–Barre General Hospital merged with Nesbitt Memorial Hospital which together with other entities comprised Wyoming Valley Health Care System, Inc. ("Wyoming Valley"). In June of 1993, Wyoming Valley appointed Mr. Lloyd as Warehouse Manager. This position had supervisory, management and delegation responsibilities.

In March of 1995, Wyoming Valley hired Robert Zaleskas as Warehouse Supervisor. In April of 1995, Mr. Lloyd sought and obtained a medical leave as provided by the FMLA. See 29 U.S.C. §§ 2601–2654. In June of 1995, Mr. Lloyd returned to Wyoming Valley as a Warehouse Coordinator which paid the same as Warehouse Manager but did not have supervisory, management, or delegation responsibilities. Mr. Lloyd's former position was filled by Mr. Zaleskas (Paczkowski Dep. at 76.)

On May 14, 1996, while performing duties of a stock clerk, Mr. Lloyd suffered a work-related injury. In June of 1996, after leave and treatment for his work injury, Mr. Lloyd returned to work as a courier. In August of 1996, Mr. Lloyd became a corporate sales representative for Pro Works, a division of Wyoming Valley. Wyoming Valley continued to pay Mr. Lloyd's Warehouse Manager salary until the end of 1996.

On February 13, 1997, Wyoming Valley placed Mr. Lloyd on a salary plus incentives schedule. Defendant provides expert testimony that plaintiff will not suffer any tangible economic loss in 1997. Mr. Lloyd receives incentives almost four months after he completes his work, and because of the timing of payments, his 1997 income will be less than his 1996 and 1995 incomes. (Lloyd Aff. ¶ 21.) In addition, Mr. Lloyd's incentive income will decrease because of his vacation schedule and other seasonal factors. (Id. ¶ 30.) Mr. Lloyd argues that Wyoming Valley has devalued his vacation and sick pay by at least ten percent. (Pl.'s Br. at 8 n. 1.) Moreover, Mr. Lloyd believes that his sales representative position has less value than the Warehouse Manager position because it is less essential and more susceptible to reduction or elimination. (Lloyd Aff. ¶ 26.)

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that the moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A fact is "material" if proof

of its existence or non-existence might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Facts that could alter the outcome are material facts." *Charlton v. Paramus Bd. of Educ.,* 25 F.3d 194, 197 (3d Cir.), *cert. denied,* 513 U.S. 1022, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 329, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.,* 862 F.2d 56, 59 (3d Cir.1988); *Continental Ins. Co. v. Bodie,* 682 F.2d 436 (3d Cir.1982). Once the moving party has satisfied its burden, the nonmoving party "must present affirmative evidence to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 256–57. Mere conclusory allegations or denials taken from the pleadings are insufficient to withstand a motion for summary judgment once the moving party has presented evidentiary materials. *Schoch v. First Fidelity Bancorporation,* 912 F.2d 654, 657 (3d Cir.1990). Rule 56 requires the entry of summary judgment, after adequate time for discovery, where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

## III. DISCUSSION

### A. Tangible Economic Loss

■ The plaintiff's change from a base salary as a warehouse manager to salary plus commission as a corporate sales representative raises genuine issues of material fact concerning plaintiff's tangible economic loss in the future. If an employer discriminates against an employee, the FMLA provides in pertinent part that an employer will be liable:

(A) for damages equal to—

(i) the amount of—

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation.

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee;

(ii) the interest on the amount described in clause (i) calculated at the prevailing rate.

29 U.S.C. § 2617.

Defendant's reliance on an expert who states that the plaintiff will not suffer any future economic loss is without merit because he fails to show the absence of a genuine issue of material fact. *See Celotex Corp.,* 477 U.S. at 329. The plaintiff argues that the defendant's expert has not taken into account that his sick pay and vacation pay are based only upon his base pay. (Lloyd Aff. ¶ 30.) The plaintiff's evidence is that, by changing his base pay into a base pay plus commission, the defendant has devalued his vacation and sick pay by at least ten percent. (Pl.'s Br. at 8 n. 1) The FMLA specifically provides for damages equal to employment benefits lost or denied. 29 U.S.C. § 2617(a). The term "employment benefits" is defined as "all benefits provided or made available to employees by an employer." *Id.* 2611(5). There is a genuine issue of material fact as to whether plaintiff has suffered damages in the amount of vacation day and sick day benefits made available to him by Wyoming Valley.

In addition, plaintiff claims that he will receive incentive payments almost four months after some of his work is performed. (Lloyd Aff. ¶ 21) And he contends that his salary is not based upon his own performance and that his job is now less secure. Summary judgment will not lie because there is a genuine dispute as to whether the plaintiff's salary in 1997 will be less than it was in 1996 and 1995. *See Anderson,* 477 U.S. at 248. A reasonable jury could return a verdict for the plaintiff. *See Id.*

**B. Emotional Distress**

 The FMLA does not provide for emotional distress as damages. When interpreting a statute, a court must first examine the statute itself and give the words of the statute their ordinary meaning. *See In re Allentown Moving & Storage, Inc.,* 214 B.R. 761, 762 (E.D.Pa.1997) (citing *Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990); *see also Kosak v. United States,* 679 F.2d 306, 308 (3d Cir.1982) (holding "'our starting point must be the language employed by Congress'") (quoting *Reiter v. Sonotone Corp.,* 442 U.S. 330, 337, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979)). "Where the statutory meaning is unclear, the Court looks to the legislative history to resolve any conflict." *In re Allentown Moving & Storage, Inc.,* 214 B.R. 761, 1997 WL 698180, at *2 (citing *Cohen v. De La Cruz,* 106 F.3d 52, 57–58 (3d Cir.1997)) (citing *Patterson v. Shumate,* 504 U.S. 753, 761, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992)); *United States v. Wernikove,* 206 F.Supp. 407, 408 (E.D.Pa.1962)).[1]

 In this case the language of the statute is clear. In part (A)(i)(I), the statute provides for damages in the amount of "any wages, salary, employment benefits, or other compensation denied or lost ... by reason of the violation." 29 U.S.C. § 2917(A)(i)(I). Plaintiff argues that the phrase "other compensation" embraces damages for emotional distress. I do not agree.

It is important to note the presence of (A)(i)(II) which provides that where "wages, salary, employment benefits, or other compensation have not been denied or lost ... any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care...." *Id.* § 2917(A)(i)(II). Had Congress intended "other compensation" to mean those things which traditionally make up compensatory damages, there would have been no need to include (A)(i)(II) in the statute to provide for "actual monetary damages" as they would be included in compensatory damages. *See Id.* So the statute itself by including "actual monetary compensation" as a separate item of damage places a limited definition on "other compensation." *See Id.* Therefore the plain meaning of the statute is that "other compensation" means things which arise as a quid pro quo in the employment arrangement, and not damages such as emotional distress which are traditionally an item of compensatory damages. *Id.; see also McAnnally v. Wyn S. Molded Prods., Inc.,* 912 F.Supp. 512, 513 (N.D.Ala.1996) (holding "the term [other compensation] does not imply a reimbursement formula for 'mental distress.'" but "impl[ies] some type of quid pro quo exchange between an employer and its employee").

Moreover, the terms "wages, salary, employment benefits, and other compensation" are followed by the terms "denied or lost to such employee." 29 U.S.C. § 2917(A)(i)(I). The terms "denied or lost" evidence Congress's intent to provide an employee with

---

1. Judge Mansmann, in *West v. Bowen,* 879 F.2d 1122, 1137–38 (3d Cir.1989) (Mansmann, J. concurring and dissenting), stated

 "It is emphatically, the province and duty of the judicial department to say what the law is." *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). Similarly, Congress intended that we interpret statutory terms. The Administrative Procedure Act states "To the extend necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706.

 I would emphasize, as the Supreme Court has so often, that statutory construction is ultimately a judicial function. Indeed, "one of the judiciary's roles is to interpret statutes." *Japan Whaling Ass'n v. American Cetacean Soc'y,* 478 U.S. 221, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986).

 *Id.* (footnotes omitted).

damages he or she suffered as a benefit of his or her employment. *See Id.* These terms also demonstrate that Congress did not intend for an employee to receive traditional damages such as emotional distress. *See Id.; see also Wilson v. Dallas Indep. Sch. Dist.,* 1998 WL 47635, at *5 (N.D.Tex. Jan.30, 1998) (holding "the FMLA does not permit the recovery of damages for mental distress").

Furthermore, the relief terms of the FMLA are based on the same terms found in the Fair Labor Standards Act. *See* S.Rep. No. 103–3, 103d Cong., 1st Sess., at 48–49 (1993); H.R.Rep. No. 103–8, 103d Cong., 1st Sess., at 123 (1993); *see also Rhoads v. Federal Deposit Ins. Corp.,* 956 F.Supp. 1239, 1262 (D.Md.1997) (holding "the FLSA serves as a reference for many of the legal standards and principals used in the FMLA, including the enforcement scheme") (citing *Waters v. Baldwin County,* 936 F.Supp. 860, 863 (S.D.Ala.1996); *Rich v. Delta Air Lines, Inc.,* 921 F.Supp. 767, 772 (N.D.Ga.1996); *Morris v. VCW, Inc.,* 1996 WL 740544, at *2 (W.D.Mo. Dec.26, 1996)). Most courts have held that the FLSA does not provide for emotional distress damages. *See Fiedler v. Indianhead Truck Line, Inc.,* 670 F.2d 806, 810 (8th Cir.1982) (holding "damages for pain and suffering have never been awarded under the FLSA"); *Bolick v. Brevard County Sheriff's Dep't,* 937 F.Supp. 1560, 1566 (M.D.Fla.1996) (holding "[p]unitive and emotional damages are not available under the FLSA") (citing *Waldermeyer v. ITT Consumer Fin. Corp.,* 782 F.Supp. 86 (E.D.Mo. 1991); *Tombrello v. USX Corp.,* 763 F.Supp. 541, 546 (N.D.Ala.1991); *Hybki v. Alexander & Alexander, Inc.,* 536 F.Supp. 483, 484

(W.D.Mo.1982)); *Equal Employment Opportunity Comm'n v. Local 350, Plumbers & Pipefitters,* 842 F.Supp. 417, 422 (D.Nev. 1994) (holding "[t]he FLSA does not allow other compensator damages such as relief for pain and suffering or punitive damages"). *But see Travis v. Gary Community Mental Health Ctr., Inc.,* 921 F.2d 108, 111–12 (7th Cir.1990) (holding that the FLSA provides "[c]ompensation for emotional distress, and punitive damages, are appropriate for intentional torts such as retaliatory discharge").[2]

The Third Circuit has held that the ADEA also incorporates the FLSA enforcement provisions. *See Rogers v. Exxon Research & Eng'g Co.,* 550 F.2d 834, 839–40 (3d Cir. 1977); *accord Goldstein v. Manhattan Indus., Inc.,* 758 F.2d 1435, 1446 (11th Cir. 1985); *Fiedler,* 670 F.2d at 810; *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1022 (1st Cir. 1979); *Equal Employment Opportunity Comm'n,* 842 F.Supp. at 421.[3] In *Rogers,* the court held that the ADEA did not provide for "pain or suffering" or emotional distress. *Rogers,* 550 F.2d at 842. The court reasoned "[t]he Act provides for determination of the amount of damages by an objective test—the amount of lost earnings. While the exact computation may be the subject of disagreement, that type of dispute is familiar to administrative proceedings and generally not difficult to resolve." *Id.* at 841.[4]

Similarly, the FMLA is based on the provisions of the FLSA. *See e.g.,* S.Rep. No. 103–3, at 48–49; H.R.Rep. No. 103–8, at 123. The FMLA is based on an objective test of whether an employee lost a benefit of employment. Therefore, it follows that like the

**2.** The FLSA provides in pertinent part:

> Any employer who violates the provisions ... of this Act shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [this Act], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

**3.** The ADEA provides in pertinent part:

> Amounts owing to a person as a result of a violation of this Act shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of [this Act].

29 U.S.C. § 626(b). The ADEA also provides for "legal or equitable relief as may be appropriate to effectuate the purposes of this Act." *Id.*

**4.** The court further reasoned that "[t]he possibility of recovering a large verdict for pain and suffering will make a claimant less than enthusiastic about accepting a settlement for only out-of-pocket loss in the administrative phase of the case." *Id.*

ADEA, there is no genuine issue of material fact that the FMLA does not provide for emotional distress damages.[5]

## C. Job Security

 Plaintiff has lumped job security in with damages for emotional distress. (Pl.'s Br. at 10.) In view of the statutory language and the analysis recited above, the court finds that damages for loss of job security, assuming there is a legal or contractual right to the same, would be an available subject of damages under the FMLA.

## IV. CONCLUSION

There is a genuine issue of material fact as to whether Mr. Lloyd suffered any tangible economic loss. Summary judgment will be denied with respect to this issue of damages. There is no genuine issue of material fact of whether the FMLA provides for emotional distress damages. The court finds that it does not. Summary judgement will therefore be granted in favor of the defendants with respect to the issue of emotional distress damages.

An appropriate order will follow.

---

**5.** Plaintiff's argument that the FMLA falls under the enforcement provisions of the Civil Rights Act of 1991 is without merit. *See* 42 U.S.C. § 1981a. Plaintiff does not cite precedent or legislative history to support this argument. Plaintiff, however, points to the FMLA which provides that the purpose of the FMLA is to "minimize[ ] the potential for employment discrimination" "in a manner . . . consistent with the Equal Protection Clause of the Fourteenth Amendment." 29 U.S.C. § 2601(b). This lan-guage is not enough to bridge the gap between "other compensation" and the enumerated damage provisions set forth in 42 U.S.C. § 1981a. The Civil Rights Act of 1991 provides for compensatory and punitive damages in a Title VII action and an American with Disabilities action. *See* 42 U.S.C. § 1981a. Congress, however, did not provide for compensatory or punitive damages two years later when it enacted the FMLA. *See* 29 U.S.C. § 2617 (enacted in 1993).