**Kathleen F. LAPHAM, Plaintiff,**

v.

**VANGUARD CELLULAR SYSTEMS, INC.; Pennsylvania Cellular Telephone Corp. d/b/a Cellular One of Lancaster and Cellular One of Harrisburg; and Todd D. Balthaser, Defendants.**

No. Civ.A. 1:CV–99–1051.

United States District Court, M.D. Pennsylvania.

July 5, 2000.

Christopher S. Underhill, Hartman, Underhill & Brubaker, Lancaster, PA, for Kathleen F. Lapham, plaintiff.

Todd J. Shill, Rhoads & Sinon, Harrisburg, PA, David Francis O'Leary, Rhoads & Sinon, Harrisburg, PA, Kevin M. Gold, Rhoads and Sinon, Harrisburg, PA, for Vanguard Cellular Systems, Inc., defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction*

Pending is a second motion for summary judgment in this action arising from Defendants' alleged violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–54. On May 24, 2000, we granted Defendants' motion for summary judgment on Plaintiff's claim that her employer, Vanguard Cellular Systems, retaliated against her for asserting her FMLA rights. The motion was denied, however, on the claim that Defendants interfered with her efforts to exercise those rights, in violation of 29 U.S.C. § 2615(a)(1). Plaintiff has produced evidence that her supervisor, Todd Balthaser, may have denied Plaintiff leave on some occasions and discouraged her from requesting it on others. Defendants have now filed a second summary judgment motion. They contend that even if they did interfere with her FMLA rights, Plaintiff cannot prevail because she did not sustain any recoverable damages.

### II. *Background*

The Plaintiff requested intermittent leave under the FMLA starting in February 1997 because she was undergoing treatment for intermittent supraventricular tachycardia, and was later diagnosed with fibromyalgia.[1] The Plaintiff concedes that she did not sustain any damages prior to her dismissal in September 1997. Although Plaintiff alleged that she was terminated in retaliation for taking leave, we concluded that the Defendants had legitimate reasons for discharging her and therefore acted lawfully. (*See* Mem. of May 24, 2000, at 19–20.) Plaintiff did not obtain employment for more than a year after her dismissal. Asserting that Defendants' interference with her FMLA rights aggravated her medical condition, and thus prevented her from seeking other employment, she seeks to recover wages from the date of her dismissal until she secured another position.

### III. *Standard of Review*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, to-

---

1. We incorporate the background from the Memorandum accompanying our May 24, 2000, Order, and will restate here only those facts necessary for resolving the pending motion.

gether with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing the evidence, facts and inferences must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986). Summary judgment must be entered in favor of the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* at 586–87, 106 S.Ct. at 1356, 89 L.Ed.2d at 552 (citations omitted).

## IV. *Discussion*

The FMLA permits an employee to recover the following damages from an employer who violates the Act:

> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
>
> (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee.

29 U.S.C. § 2617(a)(1)(A)(i). In addition, the court may assess liquidated damages and interest on the damages amount, *id.* § 2617(a)(1)(A)(i)–(iii); order reinstatement, *id.* § 2617(a)(1)(3); and award attorney's fees, *id.* § 2617(a)(B).

Plaintiff contends that the damages she seeks are "wages ... denied or lost ... by reason of the violation," as described in subsection (A)(i)(I). Plaintiff did not earn any income for over a year after her dismissal. The question to be resolved is whether she can claim wages for periods subsequent to a lawful termination of employment.

It appears that only two cases have previously addressed this issue: *Dawson v. Leewood Nursing Home, Inc.,* 14 F.Supp.2d 828 (E.D.Va.1998), and *Hite v. Biomet, Inc.,* 53 F.Supp.2d (N.D.Ind.1999). In *Dawson,* the plaintiff took paid medical leave but was terminated when she did not return to work after the leave expired. 14 F.Supp.2d at 830. The plaintiff alleged that the employer's refusal to allow her to return to her previous position caused her to be incapacitated so that she was unable to return to work and that she was therefore entitled to recover future lost wages. *Id.* at 833.

Because the plaintiff in *Dawson* did not suffer any wage loss prior to her termination, the court held that subsection (A)(i)(I) did not apply. Instead, the court treated her claim for wage loss caused by the "stress" of her employer's unlawful actions as one under subsection (A)(i)(II) for "actual monetary losses sustained by the employee as a direct result of the [FMLA] violation." *Id.* Noting that the FMLA cites the cost of providing medical care as an example of such monetary loss, the court concluded that "medical damages caused by the stress of a FMLA violation" are not actual monetary losses for which subsection (A)(i)(II) permits recovery. *Id.* at 833–34. Even if the plaintiff could prove that the employer's treatment of her caused her medical condition to worsen, the court could "find no legal authority within the FMLA upon which to allow her to recover for the injuries she sustained." *Id.* at 834. The court then granted summary judgment in favor of the defendant because, even if the employer violated the FMLA, plaintiff could "recover nothing but a symbolic victory." *Id.* at 832. Because the FMLA is intended to provide a remedy, in the form of damages or equitable relief, the action could not continue when no remedy was available. *Id.*

In *Hite v. Biomet, Inc.*, *supra*, the court held that an employee established a prima facie case of retaliation for taking medical leave because she presented evidence that her employer treated her poorly upon her return to work by, for example, moving her office and delegating more onerous assignments to her. 53 F.Supp.2d at 1015–16. The court determined, however, that the employer lawfully discharged the plaintiff, following a second medical leave, because she failed to return to work as scheduled. *Id.* at 1023. The question the court then had to resolve was what effect the lawful termination had on the plaintiff's ability to collect damages for the first FMLA violation.

The plaintiff was seeking lost wages under subsection (A)(i)(I). The court first held that she could recover the difference between her normal pay and the amount she received in short-term disability from the time of her first FMLA leave until her dismissal. Then, recognizing that an employer may discharge an at-will employee for "no reason at all, as long as its action is not for a discriminatory reason," the court reasoned that "[c]ommon sense dictates a valid discharge subsequent to a discriminatory act cuts off an employer's liability for backpay arising out of discriminatory conduct occurring prior to the discharge." *Id.* at 1025. Because the lawful termination of the employment relationship extinguishes the mutual obligations of employer and employee, a "valid termination is, essentially, a superseding cause which relieves [the employer] from further liability for backpay awards." *Id.*

*Hite* equated the effect of a valid termination on an employer's liability for FMLA damages to after-acquired evidence in a discrimination claim. In *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S.Ct. 879, 886, 130 L.Ed.2d 852 (1995), the Supreme Court held that an employee could proceed with her age discrimination claim, even though the employer later obtained evidence of misconduct which would have caused the employee's

dismissal had the information been known prior to the allegedly discriminatory dismissal. *See id.* at 356–57, 115 S.Ct. at 883–84, 130 L.Ed.2d at 860. The plaintiff's ability to recover damages was curtailed, however, by the after-acquired evidence. She could no longer seek reinstatement or front pay, and back pay would be awarded only from the date of the improper discharge until the date the misconduct was discovered. *Id.* at 362, 115 S.Ct. at 886, 130 L.Ed.2d at 863–64. According to the Court, this outcome balanced employees' rights to be protected from discrimination in the workplace with employers' freedom to "exercis[e] significant other prerogatives and discretions in the course of the hiring, promoting, and discharging of their employees." *Id.* at 361, 115 S.Ct. at 886, 130 L.Ed.2d at 863.

*Hite* then held that cutting off the plaintiff's claim for lost wages under section 2617(a)(1)(A)(i)(I) at the date of her termination balanced her FMLA rights with the employer's right to dismiss employees for nondiscriminatory reasons. 53 F.Supp.2d at 1026. This holding was not fatal to the plaintiff's claim, however, because she experienced wage loss prior to her dismissal.

The same cannot be said of the Plaintiff here. Because Lapham's intermittent leave was paid, she did not suffer lost wages until after her termination. Plaintiff argues, therefore, that this court should not follow *Hite* because she would be precluded from recovering damages even thought Defendants may have violated the FMLA. However, our holding must be based on the language of the statute, not on the whether it yields a harsh result in this instance. We are persuaded that both *Hite* and *Dawson* properly apply the language of the FMLA damages provision.

The FMLA clearly limits an employee's ability to recover damages to financial losses arising from the employment relationship. *See* 29 U.S.C. § 2617; *see also Lloyd v. Wyoming Valley Health Care Sys.*, 994 F.Supp. 288, 291 (M.D.Pa.1998) (Caputo, J.) (defining "other compensa-

tion" in subsection (A)(i)(I) as "things which arise as a quid pro quo in the employment arrangement"). Where the employment relationship has been terminated for lawful reasons, the employer no longer has a duty to compensate the employee. To impose such a duty after the valid dismissal of an employee would interfere with an employer's right to hire and fire at will. *See McKennon,* 513 U.S. at 361, 115 S.Ct. at 886, 130 L.Ed.2d at 863; *Hite,* 53 F.Supp.2d at 1026. Liability for lost wages must therefore cease when the employment relationship lawfully ends.

Plaintiff argues that *Hite* reached an incorrect outcome by relying on *McKennon* because *Hite* did not involve a wrongful discharge or after-acquired evidence. Plaintiff reads *McKennon* too narrowly. The decision holds that an employer's liability for damages arising from discriminatory conduct ends when the employer has a valid reason for an employment decision. In *McKennon,* that occurred when the employer subsequently acquired evidence of the plaintiff's misconduct. In *Hite,* and in this case, the end point for calculating liability for damages arrived when the employer lawfully dismissed the employee.

 Although limiting recovery to damages sustained prior to a lawful termination may appear to be contrary to the FMLA's stated purpose "to balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons," 29 U.S.C. § 2601(b)(1)–(2), section 2617

simply leaves no room for recovery when an employee does not sustain economic loss during the period of his or her employment. *See, e.g.,* Kelly N. Honohan, Note, *Remedying the Liability Limitation under the Family and Medical Leave Act,* 73 B.U.L.Rev. 1043, 1049 (1999) (noting that employees whose requests for leave are denied, or who are subjected to discrimination when they return from leave, may have no remedy under the FMLA because they have not sustained actual monetary loss). Because Plaintiff had no wage loss prior to her valid dismissal, she cannot obtain relief under the FMLA and her claim must be dismissed.[2]

We will issue an appropriate order.

### ORDER

AND NOW, this 5th day of July, 2000, upon consideration of Defendants' second motion for summary judgment, filed June 8, 2000 (Doc. No. 36), it is Ordered that the motion is granted. Judgment shall be entered in favor of the Defendants and against the Plaintiff. The Clerk of Court shall close the file.

---

**2.** Because Plaintiff has no claim for lost wages, she cannot recover liquidated damages or interest. *See* 29 U.S.C. § 2617(a)(1)(A)(ii)–(iii). Plaintiff argues that she should nonetheless be permitted to proceed with her case so that, if an FMLA violation is found, she could obtain attorney's fees pursuant to 29 U.S.C. § 2617(a)(3). However, the only reasonable attorney fee award for a plaintiff who seeks more than $80,000 in lost wages, (*see* Pl.'s Br. Opp'n Def.'s Second Mot.Summ.J. at 5), but can recover nothing, would be no attorney's fees at all. *See Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Abrams v. Lightolier,*

*Inc.,* 50 F.3d 1204 (3d Cir.1995). Moreover, we doubt the propriety of allowing an action to proceed where the only relief sought is an award of attorney's fees. As the court in *Dawson* commented,

> where it is established before trial that the plaintiff has no chance of recovering any damages, it would be highly unjust to the defendant and a waste of judicial resources to allow the case to proceed to trial merely so that the plaintiff can recover her attorneys' fees, which she would not have incurred if she had not pursued this claim. 14 F.Supp.2d at 834.