Jimenez v. Velcro USA, Inc.          CV-01-001-JD  03/04/02
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Alex J. Jiminez

     v.                              Civil No. 01-001-JD
                                     Opinion No. 2002 DNH 052
Velcro USA,  Inc.


                           O R D E R


     The plaintiff, Alex Jiminez, brings an action against his

former employer, Velcro, alleging that he was terminated in

violation of the Family Medical Leave Act ("FMLA"), 28 U.S.C. §

2601 et seq.  Velcro moves for summary judgment.  Jiminez

objects.


                          Standard

     Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file,

together with affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"'A dispute is genuine if the evidence about the fact is such

that a reasonable jury could resolve the point in favor of the

non-moving party.  A fact is material if it carries with it the

potential to affect the outcome of the suit under the applicable

law.'" <u>Santiago-Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 52 (1st Cir. 2000), <u>quoting</u> <u>Sanchez v. Alvarado</u>, 101 F.3d 223, 227 (1st Cir. 1996). When considering a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. <u>See</u> <u>Davila-Perez v. Lockheed Martin Corp.</u>, 202 F.3d 464, 466 (1st Cir. 2000).

## Background

From November of 1997 to November 29, 2001, Jiminez was employed by Velcro. During that time, Jiminez was frequently absent from work due to flare-ups of Crohn's disease, a gastrointestinal condition. According to Velcro's absenteeism policy, an employee is entitled to paid leave for certain types of absences, such as vacation, jury duty, or bereavement, if he or she submitted an absence request form in advance. The absence request form provides check-off boxes for the employee to indicate the nature of leave requested. One of the selections on the form is "Family Medical Leave." Although Jiminez submitted over twenty of the absence request forms in 2000, he only indicated on one form, the last one, that he was requesting leave for family medical leave purposes.

Velcro's absenteeism policy provides that when an employee has accumulated fifty-six hours of absences he will receive

2

verbal counseling, followed by a written warning at seventy-two hours. If an employee exceeds eighty absentee hours he or she will be reviewed by the Review Board, comprised of human resources and department supervisors. The Review Board may take disciplinary action, including termination. In 1998, Jiminez missed over eighty hours of work. His record was reviewed by the Review Board, but no disciplinary action was taken. In 1999, Jiminez surpassed fifty-six hours of absenteeism, and received verbal counseling.

In February of 2000, human resources associate Diana Lavoie wrote to Jiminez, informing him that he may be eligible for paid family medical leave.[1] The letter outlined Velcro's procedure for approving medical leave requests, specifically, a required Certification of Health Care Provider form. Lavoie included a certification form for Jiminez's use with the letter. Jiminez accrued more absences in February, March, and April of 2000. On April 8, 2000, Jiminez's supervisor advised him that he had accrued fifty-three and one-half absentee hours. The written "Employee Discussion Form" documenting that conversation reports

---

[1] Velcro's family medical leave policy was included in the employee handbook Jiminez received when he started working at Velcro. Information about the FMLA was also posted in the workplace. Jiminez acknowledges that he was aware, from the commencement of his employment, of Velcro's family medical leave policy.

that Jiminez told his supervisor that two specific absences in April were medically related. His supervisor told him he needed to file the FMLA paperwork in order to avoid having those hours counted against him. Jiminez responded that he had the FMLA paperwork and was planning to have it completed. In the "Employee Comment" section of the form, Jiminez wrote that he had an appointment with a new doctor on May 31, but in the meantime he would attempt to have his previous doctor fill out the form. On April 14, 2000, Lavoie sent Jiminez another letter, reminding him that he may apply for medical leave and instructing him how to proceed. Another certification form was enclosed.

After reaching fifty-six absentee hours, Jiminez received verbal counseling, on May 7, 2000. On May 11, Lavoie wrote Jiminez, explaining that none of his absences were approved as medical leave because he failed to submit any certification.

In July of 2000, Jiminez received a written warning when he surpassed the seventy-two hour absentee mark. At that time he told his supervisor that he had been unsuccessful getting a doctor to complete his certification form for family medical leave and he was looking for a new doctor.

Jiminez had accrued eighty absentee hours by October 18, 2000. On October 24, 2000, benefits specialist Diane Doiron wrote Jiminez a third letter, explaining Velcro's family medical

4

leave benefits and outlining the necessary procedure for requesting medical leave. Enclosed with the letter was another certification form. The Review Board delayed its review of Jiminez's record, to allow him to produce a certification form.

On November 14, 2000, Jiminez submitted a certification form completed by John Dowd, M.D. Under the section asking for the date the condition commenced, the phrase "commence 1990" is legible, but it is crossed out. Instead, the certification states that his condition commenced on October 27, 2000, and his expected period of incapacity was three to four weeks. The Board met on November 29, 2000, and discharged Jiminez for poor attendance. Jiminez brought this action against Velcro, alleging that Velcro wrongly failed to treat his absentee hours as medical leave and therefore terminated his employment in violation of the FMLA.

## Discussion

Velcro argues that it is entitled to summary judgment on the ground that Jiminez, by failing to submit a health care provider's certification for his absences prior to October 27, 2000, did not satisfy the statutory requirements for protection

5

under the FMLA.[2]  In response, Jiminez argues that he was not required to file a certification in order to be approved for medical leave, because Velcro was aware that he suffered from a medical condition that necessitated frequent absences.  He also contends that Velcro failed to meet its statutory obligation under the FMLA to assist him in providing the certification required to support a request for medical leave.  In addition, he argues that Velcro was required to provide him an opportunity to cure any deficiencies in his certification prior to terminating him.

The "twin purposes" of the FMLA are to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons."  Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 159 (1st Cir. 1998).  The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the basic functions of the position of such employee."  29 U.S.C. § 2612(a)(1).  An employee may also take

---

[2] Velcro states in its motion for summary judgment that Jiminez's claims are barred by the applicable statute of limitations.  However, since Velcro fails to develop any argument on that issue, and instead bases its motion exclusively on the merits, the court will not consider any statute of limitations issue.

intermittent leave when medically necessary.  See § 2612(b);

Hodgens, 144 F.3d at 159.  It is a violation of the FMLA for any

employer to "interfere with, restrain, or deny the exercise of

. . . any right provided" by the FMLA.  § 2615(a)(1).

Velcro's medical leave policy required a health care

provider certification from an employee as a condition of

approval.  The FMLA provides that "[a]n employer may require that

a request for leave . . . be supported by a certification issued

by the health care provider of the eligible employee . . . .  The

employee shall provide, in a timely manner, a copy of such

certification to the employer."  § 2613(a).  A certification is

sufficient to support medical leave if it states the date the

condition commenced, the expected duration of the condition,

appropriate medical facts in the health care provider's knowledge

regarding the condition, and a statement that the employee is not

able to perform his function.  See 29 U.S.C. § 2612(b).  The

certification form used by Velcro and provided to employees is a

standard form created by the United States Department of Labor.

"The employer shall advise an employee whenever the employer

finds a certification incomplete, and provide the employee a

reasonable opportunity to cure any such deficiency."  29 C.F.R. §

825.305(d); see also Washington v. Fort James Operating Co., 110

F. Supp. 2d 1325, 1330 (D. Or. 2000); Rouse v. MARKEM Corp., No.

7

98-229-B, (D.N.H. Aug. 22, 1999); <u>Sims v. Alameda-Contra Transit Dist.</u>, 2 F. Supp. 2d 1253, 1266 (N.D. Cal. 1998).  "[T]ermination is not an appropriate response for an inadequate certification." <u>Sims</u>, 2 F. Supp. 2d at 1268.

Jiminez argues that Velcro failed to give him a chance to cure the deficiencies in his certification which resulted in his termination.  Dr. Dowd filled out each required section of the medical certification as prescribed by statute, however, the information he provided was not sufficient to support Jiminez's request for medical leave to excuse his absences prior to October 27, 2000.  See § 2613(b).  The First Circuit has not addressed whether a certification that is inadequate to support the employee's leave request may be considered "incomplete" under § 825.305.

Velcro's argument reflects a literal view of what constitutes an "incomplete" certification, that an employer has an obligation to allow an employee to cure an inadequate certification only if it is physically incomplete.  See <u>Shtab v. The Greate Bay Hotel and Casino, Inc.</u>, 173 F. Supp. 2d 255, 265 (D.N.J. 2001).  Section 825.305(d) speaks of curing "any such deficiency" which results in an incomplete certification.  The Concise Oxford Dictionary defines "deficiency" as "a lack or shortage." (1990).  District courts have interpreted this

8

language to mean that an employer's obligation under § 825.305(d) applies where any type of deficiency in a certification operates to defeat an employee's request for medical leave, including a lack or shortage of required information. See, e.g., Shtab, 173 F. Supp. 2d at 258-60 (holding that employer had obligation to allow employee to cure deficient certification where two of employee's absences were not addressed by certification submitted); Washington, 110 F. Supp. 2d at 1333 (holding that employer had duty to allow employee to cure deficient certification, where certification submitted predated some of employee's absences); Sims, 2 F. Supp. 2d at 1266 (holding that certification that did not address two days of employee's absences could not be used as grounds for discipline against him because the employer never notified the employee that certification was inadequate in any way); cf. Zawadowicz v. CVS Corp., 99 F. Supp. 2d 518, 524 (D.N.J. 2000) (holding that employer satisfied its obligation by giving employee notice of certification's deficiencies, including missing dates of absences, and specific instructions how to cure them).

Jiminez's request for medical leave for his absences prior to October 27 was unsuccessful because Dr. Dowd did not provide the dates of those absences in the certification, and it was therefore deficient. Although he was present at the Review Board

9

meeting, Jiminez affirms that at the time he was terminated he did not understand why the certification was deficient and he was not given a chance to have his doctor clarify, amend or extend the certification.  On the contrary, Jiminez affirms that when he submitted his medical certification to Lavoie, she told him that "this is what's going to save your butt," and he was "all set." Jiminez states that he was surprised to learn he was terminated. Velcro has not shown, based on undisputed facts, that it complied with the FMLA requirement to allow Jiminez to cure any deficiency in the certification.  Velcro therefore is not entitled to summary judgment as a matter of law.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 6) is denied.

In light of this ruling, the parties are urged to engage in a good faith attempt to resolve this matter by agreement.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge


March 4, 2002
cc:  Francis G. Murphy Jr., Esquire
     Robert E. Jauron, Esquire

10