**Linda REXWINKEL, Plaintiff—Appellant,**

v.

**James PARSONS, an individual; et al., Defendants—Appellees.**

No. 04–15749.

D.C. No. CV–03–00212–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Jan. 4, 2006.

Michael Somps, Dept. of Motor Vehicles & Public Safety, Carson City, NV, for Defendants–Appellees.

Before SCHROEDER, Chief Judge, FARRIS and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Linda Rexwinkel appeals the dismissal of her 42 U.S.C. § 1983 and Family Medical Leave Act (29 U.S.C. §§ 2601 *et seq.*) claims by the district court. Rexwinkel argues that her supervisors at the Nevada Department of Motor Vehicles retaliated against her for making two statements protected by the First Amendment. In order to establish a § 1983 retaliation claim, an employee must allege: (1) that he or she engaged in protected speech; (2) that the employer took adverse employment action against the employee; and (3) that the speech was a "substantial or motivating" factor for the adverse action. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003). First, Rexwinkel claims that she complained to her supervisors that she had been wrongly downgrad-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ed and that the demotion "is in essence a falsehood" that is a matter of public concern. This statement is merely a workplace grievance and not a matter of public interest. It cannot be the basis for a First Amendment claim. *See Havekost v. United States Dep't of Navy*, 925 F.2d 316, 318–19 (9th Cir.1991).

■ Second, Rexwinkel argues that she complained to her supervisors about a secret, personnel file on the DMV's computer database that "could be accessed by anyone within the Division." If the DMV violated Nevada state law in failing to maintain the confidentiality of its employees' personnel records, her statement was a matter of public interest. *See* Nev. Admin. Code § 284.718(1)(1) (2005); *see also Thomas v. City of Beaverton*, 379 F.3d 802, 809 (9th Cir.2004) ("Unlawful conduct by a government employee or illegal activity within a government agency is a matter of public concern."). But even if Rexwinkel's complaint constituted a matter of public interest, she still must allege a causal link between the statement and the disciplinary actions the DMV allegedly took against her. Far from arguing that she was retaliated against for bringing the "secret file" to the attention of her supervisors, she admits that after she notified management the file was "deleted and otherwise handled." Rexwinkel's complaint does not specify that her disclosure of the file was a "substantial or motivating" factor in any adverse employment actions taken against her. She therefore has failed to state a claim for relief under 42 U.S.C. § 1983. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir.1998).

Rexwinkel confuses two different causes of action under the Family Medical Leave Act.[1] Although the district court concluded that Rexwinkel brought a FMLA retaliation claim under § 2615(a)(2), the com-

plaint, facts, and briefing indicate that Rexwinkel intended to bring a § 2615(a)(1) interference suit. *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124–26 (9th Cir.2001) ("By their plain meaning, the anti-retaliation or anti-discrimination provisions [§ 2615(a)(2) and § 2615(b)] do not cover visiting negative consequences on an employee simply because he has used FMLA leave. Such action is, instead, covered under § 2615(a)(1), the provision governing 'Interference [with the] exercise of rights.' "). This error of pleading is of little import, however, because we have previously applied the FMLA interference section where a plaintiff has mistakenly alleged retaliation. *See Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1134 n. 8, 1137 (9th Cir.2003).

■ To establish an interference claim under the FMLA, Rexwinkel must show that: (1) she exercised her rights under the Act; (2) her employer subsequently engaged in activity that tends to chill the exercise of her rights; and (3) her employer's activity was motivated by the exercise of her rights. *See Bachelder*, 259 F.3d at 1124–26. Defendants concede that Rexwinkel exercised her rights under the FMLA when she took time off work to care for her family and obtain medical care. Although Rexwinkel's complaint refers to a number of disciplinary actions taken against her by the DMV that may tend to chill the exercise of her rights under the FMLA, her FMLA claim fails because there is no allegation these actions were motivated by her taking leave. *See Washington v. Fort James Operating Co.*, 110 F.Supp.2d 1325, 1330 (D.Or.2000) (dismissing FMLA claim where plaintiff conceded that he had not produced any evidence showing causal link between his

---

1. The heading of plaintiff's first claim for relief is listed as a FMLA retaliation claim, but she makes a § 2615(a)(1) interference claim in the text.

availment of FMLA benefits and adverse employment actions taken against him).

■ Finally, the district court did not abuse its discretion in refusing to permit Rexwinkel to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a). "A district court does not err in denying leave to amend where the amendment would be futile." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991); *see also Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir.1987). The district court correctly concluded that no amendment can render the complaint sufficient to support Rexwinkel's § 1983 and FMLA claims.

AFFIRMED.