**Sean R. KELLEHER, Plaintiff,**

v.

**FRED MEYER STORES INC., an Ohio corporation doing business in Washington, Defendant.**

**No. CV–13–3108–SMJ.**

United States District Court, E.D. Washington.

Signed Oct. 6, 2014.

Elizabeth Ann Hanley, The Hanley Law Firm, PLLC, Seattle, WA, for Plaintiff.

Keller Wayne Allen, Law Firm of Keller W. Allen PC, Spokane, WA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

SALVADOR MENDOZA, JR., District Judge.

### I. *INTRODUCTION*

Before the Court, without oral argument, is Plaintiff Sean Kelleher's Motion to Com-pel, ECF No. 37. Plaintiff seeks production of 19 personnel files of allegedly similarly situated employees; the identity of employ-ees in District 6 who requested medical leave under the Family Medical Leave Act (FMLA), requested disability accommoda-tion, or complained about understaffing or insufficient time to complete tasks; and cop-ies of corresponding documents to those re-quests or complaints. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the mo-tion in part for the reasons that follow.

### II. *LEGAL STANDARD*

A district court has wide discretion in con-trolling discovery. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988). Moreover, pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). If no claim of privilege applies, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discov-ery of admissible evidence." Fed.R.Civ.P. 26(b)(1). This broad right of discovery is based on the general principle that litigants have a right to "every man's evidence," and that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir.1993). The Federal Rules of Civil Procedure reflect this principle of permitting broad discovery:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any dis-coverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

The Court can limit discovery if it deter-mines the "party seeking discovery had am-

ple opportunity to obtain the information." *Id.* 26(b)(2)(C)(ii). If a party refuses to provide discovery sought by an opposing party, the opposing party may bring a motion to compel discovery under Rule 37(a).

### III. *DISCUSSION*

#### A. Similarly Situated Employee Personnel Files

Plaintiff requests personnel files of 19 pharmacy managers from Fred Meyer's District 6, asserting the files are relevant to Plaintiff's FMLA retaliation claim. Plaintiff maintains that the files will assist in determining whether Plaintiff was treated differently and whether she was retaliated against by receiving too few hours to operate the pharmacy. Defendant maintains that these files are not relevant, as the only comparators would be other pharmacy managers who were removed for the same misconduct of removing written prescriptions from the store.

The FMLA, 29 U.S.C. § 2615(a), creates two interrelated, substantive rights: 1) the employee has a right to use certain amounts of leave for protected reasons, and 2) the employee has a right to return to his or her job or an equivalent after using protected leave. *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir.2011). Section 2615(a)(2) makes it unlawful for employers to retaliate or discriminate against a person for opposing an employer's perceived violation of his or her FMLA right to leave. The Washington Family Leave Act "mirrors its federal counterpart and provides that courts are to construe its provisions in a manner consistent with similar provisions of the FMLA." *Washburn v. Gymboree Retail Stores, Inc.*, 2012 WL 5360978 *7 (W.D.Wash. Oct. 30, 2012).

"Under § 2615(a)(2), it is 'unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.'" *Sanders*, 657 F.3d at 777. An allegation under this section is a retaliation or discrimination claim. *Id.* In *Bachelder v. Am. W. Airlines, Inc.*, the Ninth Circuit expressly did not decide whether the burden shifting framework articulated in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), should be applied to retaliation claims under § 2615(a)(2). 259 F.3d 1112, 1125, n. 11 (9th Cir.2001). The Ninth Circuit acknowledged, however, that most other circuits have adopted some version of the *McDonnell Douglas* burden shifting framework. *Sanders*, 657 F.3d at 777. District Courts in the Ninth Circuit have used the *McDonnell Douglas* framework in the analysis of § 2615(a)(2) claims. *See, Bushfield*, 912 F.Supp.2d at 953.

Under the *McDonnell Douglas* framework, a plaintiff must establish a prima facie case of retaliation. *Id.* To establish a prima facie case of FMLA retaliation, a plaintiff must show 1) she availed herself to a protected right under the FMLA, 2) she was adversely affected by an employment decision, and 3) there is a causal connection between the two actions. *Washington v. Fort James Operating Co.*, 110 F.Supp.2d 1325, 1331 (D.Or. 2000). If a prima facie case is established, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse action. *Sanders*, 657 F.3d at 777, n. 3. If the employer articulates a legitimate reason for its action, the burden shifts back to the plaintiff to show the reason given is pretext. *Id.* Pretext can be proven indirectly, by showing the employer's explanation is not credible because it is internally inconsistent or otherwise not believable, or directly, by showing unlawful discrimination more likely motivated the employer. *Id.*

Here, Plaintiff's request for the personnel files is reasonably calculated to demonstrate internal inconsistency in Defendant's handling of similarly situated employees. While Defendant maintains the only comparators are those removed for the same violation (removing written prescriptions from the store) such a narrow view of comparators in incorrect. "When comparing different treatment of similarly-situated employees, the comparison need not be based on identical violations of identical work rules; the violations need only be of comparable seriousness." *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 541 (10th Cir.2014) (quotations omitted). Plaintiff's alleged conduct of removing written prescriptions is only one of eleven articulated violations that can result in immediate termination without prior warn-

ing. ECF No. 42–5 at 62. Accordingly, far more violations than just the removal of prescriptions appears to exist that could be of comparable seriousness.

■ Therefore, the Court finds that Plaintiff is entitled to the personnel files of the nineteen (19) District 6 Pharmacy Managers in order to attempt to demonstrate inconsistent treatment. To the extent the parties have privacy concerns, the Court anticipates counsel can resolve those issues through any necessary protective orders.

## B. Identification of Other Employees in District 6

■ Next, Plaintiff seeks identification of District 6 employees who requested or took FMLA leave, requested disability accommodation, or made complaints related to understaffing of pharmacies or Defendant's pharmacies failure to comply with legal obligations. Defendant has already identified employees who made Employee Equal Opportunity complaints, complaints to Fred Meyer's Ethics Point hotline, and complaints made through Fred Meyer's Complaint Resolution Process. Accordingly, what is at issue in the parties' briefing is the inaptly titled "informal complaints," consisting of the notes and emails from human resource personnel and Fred Meyers supervisors to whom employees could have approached with complaints. The Court finds that these type of complaints could likely result in the discovery of admissible evidence to demonstrate Defendant's termination of Plaintiff was pretextual.

■ Beyond demonstrating pretext, Plaintiff's request to identify and produce the personnel files of employees who requested or took FMLA leave is also relevant to finding admissible evidence in support of Plaintiff's Title VII claim. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899–901 (9th Cir.1994) (discussing at length the employer's treatment of other employees to determine whether the district court properly found for Plaintiff on her Title VII claim).

Accordingly, Defendant shall identify District 6 employees who took or requested FMLA leave and produce the associated personnel files to Plaintiff. Defendant shall also request Fred Meyers District 6 supervisors and human resource personnel to identify responsive emails and notes regarding FMLA complaints, as well as, complaints of alleged understaffing of pharmacies or Defendant's pharmacies failure to comply with legal obligations. All responsive documents from those requests shall be produced to Plaintiff.

If Plaintiff, after receiving the responsive material herein ordered, still maintains additional production is required, Plaintiff may renew her motion providing 1) the nature of the additional material sought, 2) basis for that material, and 3) reasonable means by which those material could be discovered.

## C. Award of Fees and Costs

While the Court disagrees with Defendant's narrow view of a comparator at this stage of the litigation and finds no merit in creating a distinction for intermittent FMLA leave, the parties should note that the disclosure compelled herein is narrower than that requested in both the briefing and discovery request. Accordingly, the Court finds both parties' positions to have been substantially justified and an award of fees to either party is therefore unwarranted.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY OR-DERED:** Plaintiff's Motion to Compel, **ECF No. 37,** is **GRANTED IN PART** (as to the production detailed above) **and DENIED IN PART** (award of fees and costs).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.